J-S34040-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
HOWARD SCOTT ALLISON :
:
Appellant : No. 148 WDA 2019

Appeal from the PCRA Order Entered December 20, 2018
In the Court of Common Pleas of Blair County Criminal Division at No:
CP-07-CR-0001007-2007

BEFORE:   DUBOW, J., McLAUGHLIN, J., and COLINS*, J.

MEMORANDUM BY COLINS, J.:                          **FILED JULY 30, 2019**

Appellant, Howard Scott Allison, appeals *pro se* from the order denying Appellant's petition filed under the Post Conviction Relief Act (PCRA).[1]  Upon review of the PCRA court's docket noting that the "Motion to Withdraw as Counsel" filed by Paul M. Puskar, Esq. was granted on March 11, 2019, and there being no indication that a ***Grazier***[2] hearing was held, as scheduled on March 7, 2019, we remand for the PCRA court to inform this Court whether there was a ***Grazier*** hearing held on March 7, 2019.  If so, we request the PCRA court to forward the notes of testimony from that hearing or an Order

---

[1] 42 Pa.C.S. §§ 9541–9546.

[2] ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998).

---

*   Retired Senior Judge assigned to the Superior Court.

stating the PCRA court's determination of whether Appellant was permitted to proceed *pro se*.[3]

The facts underlying this appeal are as follows. After a jury trial, on April 17, 2008, Appellant was found guilty of rape of a person less than 13 years old, statutory sexual assault, and corruption of minors.[4] Appellant was sentenced on November 6, 2008 to an aggregate sentence of twelve and a half to twenty five years' incarceration. Appellant filed a direct appeal, and this Court affirmed his judgment of sentence on June 15, 2010. Appellant did not file a petition for allowance of appeal with the Supreme Court of Pennsylvania. Appellant filed a petition pursuant to the PCRA and this Court affirmed the PCRA court's order on August 7, 2012. The Supreme Court denied Appellant's petition for allowance of appeal. Appellant filed a second petition pursuant to the PCRA on October 23, 2017, this Court affirmed the PCRA court's order on August 9, 2018, and the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on February 21, 2019.

Appellant, *pro se*, filed this current third petition pursuant to the PCRA on November 26, 2018. Appellant asserts that he is eligible for relief because

---

[3] We note that there is no letter appointing Paul M. Puskar, Esq. as counsel for Appellant in the certified record, however, we also note the fact that Appellant received a letter from Attorney Puskar stating that he was court appointed to represent Appellant and the certified record contains a scheduling order for a March 7, 2019 **Grazier** hearing.

[4] 18 Pa.C.S. §§ 3121 (c), 3122, 6301, respectively.

of a violation of the Constitution of this Commonwealth or the constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. 42 Pa.C.S. § 9543(a)(2)(i). Appellant's judgment of sentence became final on July 15, 2010, thirty days after this Court affirmed his judgment of sentence.[5] Appellant had one year thereafter to file a PCRA petition, until July 15, 2011. 42 Pa.C.S. § 9545(b)(1). Appellant filed the current petition on November 26, 2018, over seven years late. Therefore, Appellant's petition was patently untimely. Nevertheless, Appellant attempts to circumvent the time by asserting that the facts upon which the claims are predicated were unknown to him and could not have been ascertained by the exercise of due diligence. 42 Pa.C.S. § 9545 (b)(1)(ii); Appellant's brief at 7-8.

Appellant raises the following issues on appeal:

1. Was the PCRA Court in legal error by claiming that petitioner's "new fact" claim under 42 Pa.C.S. § 9545(b)(1)(ii) did not satisfy the time bar exception requirement to the PCRA's one year time bar?

2. Was the PCRA Court in legal error by claiming that the "new fact" press release statements in question constitute new law?

3. Was the PCRA Court in legal error by not finding the Pennsylvania Supreme Court ruling in Comm. v. Chmiel, (2017) to be the controlling case law in determining if petitioner met the "new fact" time bar exception under 9545(b)(1)(ii)?

_____

[5] Pa.R.A.P. § 1113.

Appellant's brief at 5.

Appellant argues that on October 5, 2018 and October 6, 2018, he heard live statements made on CNN by President Donald Trump, Senate Majority Leader Mitch McConnell, and Senator Lindsey Graham stating:

> "[i]t is unconstitutional, un-American, to convict someone based on a mere allegation. Our society should not, must not, set the bar so low as to allow an unsubstantiated allegation to destroy an American's life. We must maintain the standard of innocent until proven guilty. We must hold ourselves to the standard that every single American deserves."

Appellant's brief at 7-8. Appellant claims that his conviction, based on the testimony of one person, should be overturned as unconstitutional based on this statement. Appellant relies on **Commonwealth v. Chmiel**, 173 A.3d 617 (Pa. 2017) and **Commonwealth v. Peterson**, 192 A.3d 1123 (Pa. 2018) in determining that he has met the standard for "newly discovered facts." Appellant argues that his "newly discovered facts" claim, arising from press release statements made on October 5 and 6, 2018, meet the statutory requirements of 42 Pa.C.S. § 9545(b)(1)(ii), and having filed his PCRA claim within 60 days of the press release statements, meets the requirement of 42 Pa.C.S. § 9545(b)(2).[6]

---

[6] We note that effective December 24, 2018, 42 Pa.C.S. § 9545 (b)(2) was amended and provides that provides "[a]ny petition invoking an exception provided in paragraph (1) shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545 (b)(2). The amendment of 42 Pa.C.S. § 9545 (b)(2) shall apply to claims arising on December 24, 2017 or thereafter.

- 4 -

On December 12, 2018 Appellant sent a letter to the clerk of court of Blair County stating that he requested court appointed PCRA counsel Paul M. Puskar to withdraw from his case. Appellant's letter states:

> Dear Mr. Puskar, thank you for your December 6th letter in which you informed me that you have been appointed as my PCRA counsel. . . I requested not to have counsel, as indicated in my *pro se* petition. What I need you to do is remove yourself from my case (withdraw of appearance), notify the court that I "fired" you and will proceed *pro se*. . .

Letter from Appellant to Attorney Puskar, 12/12/18. This letter was docketed on December 19, 2018. On December 20, 2018, the PCRA court issued its order and opinion denying Appellant's petition pursuant to the PCRA, but did not address the status of Appellant's representation. Appellant filed a *pro se* notice of appeal on January 22, 2019.[7] The PCRA court's certified docket notes that on January 29, 2019, Attorney Puskar filed a "Motion to Withdraw as Counsel and Request a *Grazier* Hearing Date." In his motion, counsel states:

> [that he] has been appointed by this Court to represent this Defendant regarding a PCRA petition filed on November 26, 2018. . . . This matter is not yet scheduled for a Status Conference or a hearing on the current petition. . . . [C]ounsel respectfully requests that this matter be scheduled for *Grazier* hearing via video – conference at the earliest convenience of the court.

---

[7] The PCRA court's order denying Appellant's petition pursuant to the PCRA was dated December 20, 2018, served to Appellant on December 21, 2018 and docketed December 28, 2018. Appellant's notice of appeal was dated January 15, 2018 and the envelope is stamped January 17, 2018, therefore, according to the Prisoner Mailbox Rule, the appeal is timely. **See Commonwealth v. Whitehawk,** 146 A.3d 266, 268 n.3 (Pa. Super. 2016) ("Under the 'Prisoner Mailbox Rule' a document is deemed filed when placed in the hands of prison authorities for mailing.").

Counsel's motion to withdraw at 1-3 (unpaginated). The PCRA court's certified docket indicates that a "video conference [hearing is] scheduled 3/7/19." The certified record contains an order, filed February 21, 2019, scheduling a *Grazier* hearing on March 7, 2019. Counsel's motion to withdraw was granted on March 11, 2019. However, there is no indication in the certified record or the PCRA court's docket that a *Grazier* hearing was held.

Accordingly, we remand to the PCRA court for a period of time not to exceed thirty days to inform this Court whether a *Grazier* hearing was held on March 7, 2019. If so, we request the PCRA court to forward the notes of testimony from that hearing or an Order stating the PCRA court's determination of whether Appellant was permitted to proceed *pro se*. Jurisdiction retained.