J-S39007-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
                                  :         PENNSYLVANIA
              Appellee       :

                      :

               v.         :
                      :

VICTOR DAVID CARRASQUILLO   :
                      :

             Appellant     :         No. 155 EDA 2019

Appeal from the PCRA Order Entered December 21, 2018
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s):  CP-39-CR-0003004-2010

BEFORE:   GANTMAN, P.J.E., STABILE, J., and STEVENS*, P.J.E.

JUDGMENT ORDER BY GANTMAN, P.J.E.:        **FILED AUGUST 19, 2019**

Appellant, Victor David Carrasquillo, appeals *pro se* from the order of the Lehigh County Court of Common Pleas, which denied his second petition per the Post-Conviction Relief Act at 42 Pa.C.S.A. §§ 9541-9546 ("PCRA").  On April 13, 2011, a jury convicted Appellant of rape, aggravated indecent assault, and involuntary deviate sexual intercourse.  The court sentenced Appellant on July 11, 2011, to an aggregate of 27 to 60 years' incarceration; the court also deemed Appellant a sexually violent predator and imposed registration for life under Megan's Law III.  This Court affirmed on July 24, 2012.  **See Commonwealth v. Carrasquillo**, 55 A.3d 145 (Pa.Super. 2012) (unpublished memorandum).  Appellant sought no further direct review.  On October 1, 2013, Appellant filed a counseled first PCRA petition, which the court later denied as untimely.  Appellant appealed, but then he discontinued

_____
\*   Former Justice specially assigned to the Superior Court.

the appeal on July 14, 2014.

On November 27, 2018, Appellant *pro se* filed his second, current PCRA petition, alleging ineffective assistance of first PCRA counsel. Appellant attached to his petition a letter, dated November 13, 2013, from first PCRA counsel, in which counsel admitted to Appellant that he had filed Appellant's first PCRA petition late. The PCRA court issued Rule 907 notice on December 3, 2018; Appellant responded *pro se* on December 17, 2018. On December 21, 2018, the PCRA court denied the petition as untimely. Appellant timely filed a *pro se* notice of appeal on January 7, 2019. The PCRA court ordered Appellant on January 9, 2019, to file a concise statement per Pa.R.A.P. 1925(b); Appellant failed to comply.

The timeliness of a PCRA petition is a jurisdictional requisite. ***Commonwealth v. Zeigler***, 148 A.3d 849 (Pa.Super. 2016). A PCRA petition shall be filed within one year of the date the underlying judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The statutory exceptions to the PCRA time-bar allow for very limited circumstances to excuse the late filing of a petition; a petitioner asserting a timeliness exception must also file the petition within 60 days of when the claim could first have been presented. 42 Pa.C.S.A. § 9545(b)(1-

J-S39007-19

2).[1] Generally, "[a] claim for ineffective assistance of counsel does not save an otherwise untimely petition for review on the merits." ***Commonwealth v. Gamboa-Taylor***, 562 Pa. 70, 80, 753 A.2d 780, 785 (2000). ***But see Commonwealth v. Peterson***, ___ Pa. ___, ___, 192 A.3d 1123, 1130-31 (2018) (stating PCRA counsel's failure to file timely first PCRA petition constituted ineffectiveness *per se* that might satisfy new-facts exception to PCRA time-bar if petitioner raises claim in new PCRA petition within timeframe, per Section 9545(b)(2), after petitioner first learned of untimely-filed petition).

Instantly, the judgment of sentence became final on August 23, 2012, upon expiration of the time to file a petition for allowance of appeal in the Pennsylvania Supreme Court. ***See*** Pa.R.A.P. 1113. Appellant filed his current petition on November 27, 2018, which is patently untimely. ***See*** 42 Pa.C.S.A. § 9545(b)(1). Appellant tries to invoke the new-facts exception under Section 9545(b)(1)(ii), claiming PCRA counsel rendered ineffective assistance when he filed the untimely first PCRA petition, citing ***Peterson, supra***.[2] Nevertheless, Appellant's petition indicates he was aware of PCRA counsel's

---

[1] As of December 24, 2018, Section 9545(b)(2) now allows for one year of the date the claim first could have been presented. ***See*** Act 2018, Oct. 24, P.L. 894, No. 146, § 2, effective in 60 days [Dec. 24, 2018].

[2] To the extent Appellant asserts the ***Peterson*** case itself constitutes a newly-discovered fact, his claim fails. ***See Commonwealth v. Brandon***, 51 A.3d 231, 235 (Pa.Super. 2012) (explaining subsequent decisional law does not constitute new "fact" per Section 9545(b)(1)(ii)).

- 3 -

ineffectiveness as of November 13, 2013, the date of counsel's letter to Appellant acknowledging same. Appellant, however, filed the current petition five years later, in November 2018. Thus, Appellant failed to establish first PCRA's counsel's ineffectiveness was unknown to Appellant and could not have been learned, by the exercise of due diligence, before 2018. ***See Commonwealth v. Hart***, 199 A.3d 475, 481 (Pa.Super. 2018) (stating to satisfy new-facts exception of PCRA, petitioner must plead and prove fact was unknown to him and could not have been discovered sooner with due diligence). Therefore, Appellant's current petition remains time-barred. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/19/19