# IN THE SUPREME COURT OF PENNSYLVANIA
## WESTERN DISTRICT

COMMONWEALTH OF PENNSYLVANIA, : No. 450 WAL 2016
:
Respondent :
:
: Petition for Allowance of Appeal from
: the Order of the Superior Court
v. :
:
:
:
JEFFREY DONALD PETERSON, :
:
Petitioner :

COMMONWEALTH OF PENNSYLVANIA, : No. 451 WAL 2016
:
Respondent :
:
: Petition for Allowance of Appeal from
: the Order of the Superior Court
v. :
:
:
:
JEFFREY DONALD PETERSON, :
:
Petitioner :

## ORDER

**PER CURIAM**

    **AND NOW**, this 21st day of April, 2017, the Petition for Allowance of Appeal is **GRANTED**. The issue, as stated by Petitioner, is:

> For purposes of 42 Pa.C.S. § 9545(b)(1)(ii)'s exception to the Pennsylvania Post Conviction Relief Act's requirement to file a petition for review within one year of the date that the judgment becomes final, "unless the petition alleges and proves that: . . . the facts upon which the claim is predicated were unknown to [P]etitioner and could not have been ascertained by the exercise of due diligence", does counsel "abandon" his client by filing an

appeal from the final order denying the petition for review one day out of time?

Upon consideration of the Application to Withdraw as Counsel, the matter is **REMANDED** to the PCRA court for a determination, within 60 days, on the specific question of whether the application should be granted. If the application is granted, the PCRA court is further directed to make a recommendation as to Petitioner's eligibility for *pro se* representation under the program created by this Court pursuant to *In re: Pilot Program for* Pro Bono *Representation*, Order, No. 443 Jud. Admin. Dkt. (Pa. Mar. 5, 2015) (*per curiam*). The PCRA court is authorized to conduct any fact-finding necessary to make an informed determination consistent with this Order. Jurisdiction is retained.