SAYLOR, C.J., BAER, TODD, DONOHUE, DOUGHERTY, WECHT, MUNDY, JJ.
OPINION
JUSTICE DONOHUE
Subsection 9545(b)(1)(ii) of the Post-Conviction Relief Act, 42 Pa.C.S. §§ 9541 -46 ("PCRA") provides an exception to the PCRA's one-year time bar for the filing of petitions for relief if the petition pleads and proves that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S. § 9545(b)(1)(ii). In *1125 Commonwealth v. Bennett , 593 Pa. 382, 930 A.2d 1264 (2007), this Court applied this exception where petitioner established that his counsel failed to file an appellate brief in support of his PCRA petition, resulting in the dismissal of his appeal and the complete forfeiture of appellate review. In the present case, we address a similar, yet distinct, circumstance in which counsel filed the PCRA petition one day late, thus precluding any merits or appellate review of petitioner's collateral claims. For the reasons set forth herein, we conclude that counsel's negligence per se in filing an untimely PCRA petition constitutes adequate grounds to permit the filing of a new PCRA petition beyond the one-year time bar pursuant to the exception in subsection 9545(b)(1)(ii). We thus reverse the decision of the Superior Court.
In 1993, Appellant Jeffrey Peterson ("Peterson"), plead guilty to two counts of first degree murder and was sentenced to two consecutive life sentences. In 1995, the General Assembly enacted major amendments to the PCRA, including the requirement that all petitions be filed within one year of the date the judgment of sentence becomes final, subject to three exceptions. 42 Pa.C.S. § 9545(b)(1).[1] The 1995 legislation also provided that petitioners whose judgments of sentence became final prior to its effective date could file a timely petition within one year of the effective date. Act of Nov. 17, 1995, § 3(1) (Spec. Sess. No. 1) P.L. 1118, No. 32. The effective date of the amendatory legislation was January 16, 1996, id., § 3(2), and thus petitioners whose judgments of sentence became final prior to this date (including Peterson) could file a timely PCRA petition on or before January 16, 1997. Commonwealth v. Fenati , 561 Pa. 106, 748 A.2d 205, 207 (2000).
On January 17, 1997, one day beyond the final day for Peterson to file a timely PCRA petition, private counsel retained by Peterson's family ("Counsel") filed his first PCRA petition. In the petition, Peterson raised several issues, including, inter alia, that he was mentally incompetent when he plead guilty and thus his plea was not a knowing, intelligent and voluntary waiver of his constitutional rights. In connection with the shootings that resulted in the two murder charges against him, Peterson (in an apparent suicide attempt) suffered a gunshot wound to his head that damaged the frontal lobes of his brain. N.T., 6/5/2013, at 12-13. The PCRA court ordered the court administrator to schedule an evidentiary hearing and gave Counsel leave to obtain an expert to opine on Mr. Peterson's mental competency at the time he entered his plea. In an order dated July 18, 1997, the court administrator set the *1126 matter for a hearing on November 5, 1997. Although the docket does not reflect why, no hearing took place on that date.
No further activity took place on the matter for nearly fifteen years. In September 2012, Peterson wrote a letter to the clerk of the Crawford County Court of Common Pleas inquiring about the status of his case. In response, the PCRA court rescheduled the evidentiary hearing, which took place on June 5, 2013 and August 28, 2013. Dr. Lawson Bernstein, M.D., the forensic neuropsychiatrist that Counsel had hired in 1997, testified and his expert report was admitted into evidence. Id. at 12. Dr. Bernstein testified that the frontal lobes of the brain control "the capacity to weigh, reason and consider different courses of action and the risks and benefits of such actions." Id. at 13. Dr. Bernstein further testified that the frontal lobes are involved in initiation and motivation, and that where there is damage, the person's "capacity to interact successfully with their environment is reduced and their ability - capacity to advance their own interests is reduced." Id. at 14. He concluded that Peterson had no ability to comprehend his position as one accused of murder and lacked the capacity to cooperate with his counsel or participate in his own defense. Id. at 28-29.
The Commonwealth did not present any conflicting medical testimony, but did present the testimony of Peterson's trial counsel and an adult probation officer who interviewed Peterson prior to the entry of his plea. Both testified that Peterson's interactions with them did not reflect any difficulties on his part, as he appeared to be competent, participated in conversations, and appropriately asked and answered questions. N.T., 8/28/2013, at 11-32, 35-55. Finding that this testimony outweighed that of Dr. Bernstein, the PCRA court denied Peterson relief, concluding in a memorandum and order dated March 4, 2014, that Peterson did not sustain his burden of proving that he did not provide a knowing, intelligent and voluntary waiver of his constitutional rights at the plea colloquy. PCRA Court Memorandum and Order, 3/4/2014, at 26-27.
On April 2, 2014, Mr. Peterson timely appealed the March 4, 2014 memorandum and order to the Superior Court. The Superior Court, recognizing that the first PCRA petition had been filed one day beyond the January 16, 1997 deadline, quashed the appeal as untimely. Commonwealth v. Peterson , 538 WDA 2014, 2015 WL 6394216 (Pa. Super. Jan. 30, 2015) (unpublished memorandum).
On March 31, 2015, Peterson filed a second PCRA petition, seeking, based upon counsel's ineffectiveness in filing his first PCRA petition late, reinstatement of his PCRA appellate rights nunc pro tunc to challenge the PCRA court's March 4, 2014 order dismissing his first PCRA petition. The PCRA court held an evidentiary hearing on the second PCRA petition, at which Peterson testified that he did not know about the late filing until he received notice of the Superior Court's decision quashing his appeal. N.T., 12/3/2015, at 20. Counsel testified that he too did not realize that he had filed the first PCRA petition on January 17, 1997, rather than on January 16, 1997, until the Superior Court issued its decision.[2] Id. at 5. Counsel testified that, as a result, he did not provide Peterson with any information that would have given rise to a suspicion or a belief that the first PCRA petition was untimely.
*1127 Id. at 8. The PCRA found, as a matter of fact, that "we are satisfied that [Peterson] did not know the filing deadline date but more importantly did not know that his attorney at the time missed that deadline until he received a copy of the order of the Superior Court," and that Peterson "could not have known that the deadline was missed by the exercise of due diligence" until the Superior Court issued its decision. PCRA Court Memorandum and Order, 1/6/2016, at 2.
Based on these factual findings, the PCRA court concluded that Peterson's second PCRA petition was timely filed:
When[,] clearly[, Peterson's] prior counsel missed the filing deadline by one day and therefore[,] counsel was ineffective and [Peterson] could not have known that the deadline was missed by the exercise of due diligence until the January 30, 2015 Superior Court Memorandum [O]pinion, we believe it would be grossly unfair to conclude that [Peterson] should not be permitted to have the issues that were raised before th[e PCRA court] as a result of the first PCRA petition heard on the merits on appeal by the Superior Court.
Id. The PCRA court denied Peterson relief on the merits for the same reasons as set forth in its March 4, 2014 memorandum and order denying the first PCRA petition. Id.
Peterson appealed the denial of relief to the Superior Court and the Commonwealth cross-appealed the PCRA court's determination that the second PCRA petition had been timely filed. The Superior Court granted the Commonwealth's cross-appeal, ruling that the second PCRA petition was untimely. In so doing, the court distinguished this Court's prior decision in Bennett , indicating that "[h]ere, unlike in Bennett , [Counsel] did not abandon Peterson on appeal. Indeed, [Counsel] filed a detailed, albeit untimely, PCRA petition and an appellate brief on behalf of Peterson following the denial of PCRA relief on his first PCRA petition." Commonwealth v.Peterson , 2016 WL 5661970, at *3 (Pa. Super. September 29, 2016) (unpublished memorandum). Because Counsel, by filing the first PCRA petition, took action on Peterson's behalf, he did not "abandon" his client as counsel in Bennett did by failing to file a brief. Id. The Superior Court noted that "[w]hile the PCRA timeliness requirements sometimes require harsh outcomes, the PCRA confers no authority 'to fashion ad hoc equitable exceptions to the PCRA time-bar.' " Id. (quoting Commonwealth v. Watts , 611 Pa. 80, 23 A.3d 980, 983 (2011) ).
This Court granted discretionary review to consider whether the Superior Court erred in reversing the PCRA court's order finding Peterson's second PCRA petition to be timely filed. In particular, we granted review of the following issue, as stated by Peterson:
For purposes of 42 Pa.C.S. § 9545(b)(1)(ii)'s exception to the [PCRA's] requirement to file a petition for review within one year of the date that the judgment becomes final, "unless the petition alleges and proves that: ... the facts upon which the claim is predicated were unknown to [P]etitioner and could not have been ascertained by the exercise of due diligence," does counsel "abandon" his client by filing an appeal from the final order denying the petition for review one day out of time?
Commonwealth v. Peterson , 168 A.3d 1269 (Pa. 2017) (per curiam).
Before this Court, Peterson argues that the Superior Court improperly focused on whether Counsel "literally or physically" abandoned Mr. Peterson. Peterson's Brief at 13. According to Peterson, the Superior Court also mistakenly focused on cases that apply when counsel's ineffectiveness *1128 merely limits or narrows the issues to be considered on appeal, including, for example, Commonwealth v. Gamboa-Taylor, 562 Pa. 70, 753 A.2d 780 (2000). Peterson's Brief at 14. Peterson insists that this Court's decision in Bennett should properly be understood to encompass the notion that where, as here, counsel fails to take a procedural step that wholly deprives a PCRA petitioner of the right to substantive review, and the petitioner neither knew of that failure nor could have discovered it through the exercise of reasonable diligence, the subsection 9545(b)(1)(ii) exception to the PCRA's one-year time bar permits the filing of a new petition beyond the one-year time bar. Id.
The Commonwealth, conversely, argues that Counsel did not abandon Peterson because "abandonment" occurs only when the attorney severs the principal/agent relationship. Commonwealth's Brief at 8. According to the Commonwealth, absent severance of the attorney/client relationship, a PCRA petitioner is bound by his lawyer's conduct, "[n]o matter how egregious." Id. The Commonwealth insists that severance of the attorney/client relationship requires a withdrawal of representation, either expressly, by terminating authority to act on behalf of the client, or by failing to communicate with the client or to respond to inquiries over a period of years. Id. at 9. As such, the Commonwealth disputes that "a single negligent act i.e., missing a filing date," can constitute "abandonment" as this Court used that term in Bennett . Id.
We begin our analysis by reviewing our decision in Bennett . In that case, after Bennett was convicted of first-degree murder and related crimes, his trial counsel did not file a direct appeal on his behalf. Bennett, 930 A.2d at 1266. In a counseled PCRA petition, Bennett raised several claims of error, including that trial counsel was ineffective for failing to file a notice of appeal following his conviction. Id. The PCRA court denied relief on the ground that Bennett had not established that he had requested trial counsel to file a direct appeal. Id. Appointed PCRA counsel failed to appeal this decision, but Bennett filed a pro se notice of appeal and a Rule 1925(b) statement. Id. The PCRA court then appointed his prior trial counsel to represent him on appeal. Id. Sixteen months later, the Superior Court dismissed Bennett's appeal based upon the failure of appointed counsel to file a brief. Id. Bennett filed a second PCRA petition requesting reinstatement of his PCRA appeal rights nunc pro tunc based on appointed counsel's ineffectiveness in failing to file a brief, which the PCRA court granted. Id. at 1266-67. Through newly appointed counsel, Bennett filed an appeal from the denial of relief on his first PCRA petition. Id. at 1267. The Superior Court quashed the appeal, however, ruling that Bennett's second PCRA petition was filed beyond the PCRA's one-year time bar and thus, the PCRA court lacked jurisdiction to grant relief in the form of reinstatement of his PCRA appeal rights nunc pro tunc. Id.
On appeal to this Court, we addressed Bennett's contention that the subsection 9545(b)(1)(ii) exception to the PCRA's time bar provided the PCRA court with jurisdiction to consider his second PCRA petition. We began with careful consideration of the statutory language of subsection 9545(b)(1)(ii). Though this subsection has sometimes been mistakenly referred to as the "after-discovered evidence" exception, we observed that the statutory language does not require the presentation of new "evidence" or merits review. Bennett , 930 A.2d at 1272 (citing Commonwealth v. Lambert , 584 Pa. 461, 884 A.2d 848, 852 (2005) ). Instead, the exception has two clear components: (1) "the facts upon which the claim was predicated were unknown" and (2) "could not have been ascertained by the exercise of due diligence ."
*1129 Id. (quoting 42 Pa.C.S. § 9545(b)(1)(ii) ) (emphasis in original). We then stated, "If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection." Id. Noting that the appellant had plead these two components in his PCRA petition by way of contentions that he was unaware that his PCRA counsel had failed to file an appellate brief on his behalf and that he could not have discovered this fact through the exercise of reasonable diligence, the Court indicated that these allegations, "if proven, fall within the plain language of subsection (b)(1)(ii)." Id.
We also acknowledged, however, that the Court has on numerous occasions made clear that counsel's ineffectiveness may not be invoked as a newly-discovered "fact" for purposes of invoking the subsection 9545(b)(1)(ii) exception. See Gamboa-Taylor , 753 A.2d at 785 ; Commonwealth v. Crews , 581 Pa. 45, 863 A.2d 498, 503 (2004) ; Commonwealth v. Howard , 567 Pa. 481, 788 A.2d 351, 355 (2002) ; Commonwealth v. Pursell , 561 Pa. 214, 749 A.2d 911, 916 (2000). In these cases, PCRA counsel, based upon their professional judgment to choose the best non-frivolous claims for appeal, narrowed the number of claims raised in amended petitions from the broader set of claims asserted in an initial (typically pro se) petition. We indicated that to allow the filing of subsequent PCRA petitions based upon ineffective assistance of counsel for failing to assert every possible collateral claim would result in serial petitions and the one-year time bar would "effectively be eviscerated." Howard , 788 A.2d at 355 (citing Gamboa-Taylor , 753 A.2d at 785 ).
In Bennett , we then distinguished between the Gamboa-Taylor line of cases, pursuant to which petitioners assert claims of ineffectiveness for partial deprivations of appellate review, i.e., attorney errors in narrowing the issues for review, from instances in which petitioners assert claims of ineffectiveness resulting in complete deprivations of appellate review, i.e., attorney errors that resulted in petitioners being dispossessed of any opportunity for appellate review. Bennett, 930 A.2d at 1273. We stated, "[T]his Court has recognized a distinction between situations in which counsel has narrowed the ambit of appellate review by the claims he has raised or foregone versus those instances, as here, in which counsel has failed to file an appeal at all." Id. (citing Commonwealth v. Halley , 582 Pa. 164, 870 A.2d 795 (2005), and Commonwealth v. Lantzy , 558 Pa. 214, 736 A.2d 564 (1999) ). We concluded that the difference in degree between partial and complete deprivations of review is significant, as the latter "is the functional equivalent of having no counsel at all." Id. This denial of counsel constitutes a form of ineffectiveness per se, pursuant to which prejudice must be presumed because the process itself has been rendered "presumptively unreliable" under the Sixth Amendment. Id. (citing, e.g., Roe v. Flores-Ortega , 528 U.S. 470, 481-82, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000), and United States v. Cronic , 466 U.S. 648, 659, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984) ); see also Commonwealth v. Rosado , 637 Pa. 424, 150 A.3d 425, 438-39 (2018) ("[T]his Court has, since Halley , held that errors which completely foreclose appellate review amount to a constructive denial of counsel and thus ineffectiveness of counsel per se, whereas those which only partially foreclose such review are subject to the ordinary Strickland /Pierce framework.") (emphasis in original).
We further emphasized the importance of the distinction between partial and complete deprivations of PCRA review by recognizing that under the Fourteenth Amendment to the United States Constitution, *1130 [3] due process requires that the post conviction collateral relief process be fundamentally fair. Bennett, 930 A.2d at 1273 (citing Pennsylvania v. Finley , 481 U.S. 551, 556-57, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987), and Commonwealth v. Haag , 570 Pa. 289, 809 A.2d 271, 283 (2002) ). We held that fundamental fairness requires that petitioners must be given the opportunity to present collateral claims "at a meaningful time and in a meaningful way." Id. In this same vein, we further found that fundamental fairness requires that the performance of PCRA counsel "must comply with some minimum norms," and that this requirement "would include not abandoning a client" and thus completely depriving the petitioner of "the opportunity to seek the review to which he or she was entitled." Id. at 1274.
For these reasons, in Bennett this Court ruled that the Gamboa-Taylor line of cases has no relevance in circumstances where attorney error results in a complete deprivation of PCRA review. Id. at 1273. As a result, the principle emanating from that line of cases, namely that PCRA counsel's ineffectiveness cannot be advanced as a newly-discovered "fact" for purposes of application of the subsection 9545(b)(1)(ii) exception to the PCRA's one-year time bar, has no application in cases where PCRA counsel's ineffectiveness per se completely forecloses review of collateral claims. In cases involving ineffectiveness per se, "subsection (b)(1)(ii) is a limited extension of the one-year time requirement under circumstances when a petitioner has not had the review to which he was entitled due to a circumstance that was beyond his control." Id. at 1273.
In the present case, Counsel's untimely filing of Peterson's first PCRA petition constituted ineffectiveness per se, as it completely deprived Peterson of any consideration of his collateral claims under the PCRA. As a result, pursuant to Bennett , the Superior Court erred in reversing the PCRA court's ruling that Peterson, when filing his second PCRA petition, had successfully invoked the subsection 9545(b)(1)(ii) exception to the time bar.[4] Counsel's ineffectiveness per se in connection with Peterson's first PCRA petition was a newly discovered "fact" and the PCRA court made factual findings that Peterson did not know about the untimely filing and could not have ascertained this *1131 fact through the exercise of due diligence. PCRA Court Memorandum and Order, 1/6/2016, at 2. Peterson filed his second PCRA petition within sixty days after he learned of the untimely-filed petition. 42 Pa.C.S. § 9545(b)(2).
We agree with the Superior Court that the present case does not involve abandonment, as Counsel took actions on Peterson's behalf to effectuate an appeal from the denial of relief on his first PCRA petition, including the filing of the first petition (albeit untimely) and an appellate brief. Abandonment, however, is only one form of ineffectiveness per se, and our decision in Bennett did not limit its application to instances of attorney abandonment. To the contrary, in Bennett we emphasized that the important distinction for purposes of application of the subsection 9545(b)(1)(ii) exception is whether counsel's alleged ineffectiveness results in a partial deprivation of review ( Gamboa-Taylor and its progeny) or instead completely deprives his client of review. See Bennett , 930 A.2d at 1272-74.
Moreover, in our recent decision in Rosado , this Court dispelled the notion that an attorney's ineffectiveness based upon inaction (e.g., abandonment), as opposed to ineffective action, makes any difference in granting relief for ineffectiveness per se. We recognized that our prior cases involving ineffectiveness per se concerned instances of attorney inaction:
The recognized instances of per se ineffectiveness entitling a defendant to automatic relief are extremely narrow. Commonwealth v. Halley , 582 Pa. 164, 870 A.2d 795 (2005) (counsel did not file a Pa.R.A.P. 1925(b) statement and waived all issues, thereby denying the defendant his constitutional right to direct appeal); Commonwealth v. Liebel , 573 Pa. 375, 825 A.2d 630 (2003) (attorney did not file a petition for allowance of appeal, as requested by the defendant, and denied his client the right to seek discretionary review with our Supreme Court); Commonwealth v. Lantzy , 558 Pa. 214, 736 A.2d 564, 572 (1999) (lawyer did not file a direct appeal, despite defendant[']s request); see also Commonwealth v. Burton , 973 A.2d 428 (Pa. Super. 2009) (filing of an untimely 1925(b) statement); Commonwealth v. Bennett , 593 Pa. 382, 930 A.2d 1264 (2007) (not filing an appellate brief so defendant did not obtain direct review).
Rosado , 150 A.3d at 427 (quoting Commonwealth v. Rosado , 2474 EDA 2014, 2015 WL 7352584 (Pa. Super. 2015) ). In Rosado , conversely, appellate counsel, by filing an appellate brief that raised only waived issues, took action that resulted in a foreclosure of appellate review. Id. at 426. While acknowledging that the circumstances were "technically distinct," we found that action/inaction dichotomy raised "no meaningful difference" for purposes of granting relief for ineffectiveness per se.
[T]he filing of a brief that raises only waived issues, while technically distinct, is nonetheless akin to failing to file documents perfecting an appeal. There is no meaningful difference between an attorney who fails to file a notice of appeal, Rule 1925(b) statement, brief, or petition for allowance of appeal-thereby forfeiting his client's right to appeal-and one who makes all necessary filings, but does so relative solely to claims he has not preserved for appeal, producing the same end. In both situations, counsel has forfeited all meaningful appellate review.
Id. at 434 (emphasis added). We also agreed with Rosado's contention that counsel's "filing of a brief containing no preserved issue is functionally equivalent to not filing a brief-as was the case in Bennett -and, in any event, Appellate Counsel's actions caused the complete forfeiture *1132 of merits review-as was the case in each of the aforementioned cases [ Lantzy, Halley, Bennett, and Liebel ]." Id. at 428, 433.
For these reasons, we conclude that Counsel's untimely filing of Peterson's first PCRA petition constituted ineffectiveness per se, as it completely foreclosed Peterson from obtaining review of the collateral claims set forth in his first PCRA petition. Accordingly, as the PCRA court has made the necessary factual findings, Peterson has plead and proven an entitlement to invoke the subsection 9545(b)(1)(ii) exception to permit the filing of his second PCRA petition beyond the one-year time bar. The order of the Superior Court is hereby reversed and the case is remanded for further proceedings consistent with this Opinion.
Chief Justice Saylor and Justices Baer, Todd, Dougherty and Wecht join the opinion.
Chief Justice Saylor files a concurring opinion in which Justice Dougherty joins.
Justice Mundy files a dissenting opinion.

42 Pa.C.S. § 9545(b) provides, in relevant part, as follows:
(b) Time for filing petition.--
(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.
42 Pa.C.S. § 9545(b)(1)-(2).

Until the Superior Court's January 30, 2015 decision, it does not appear that anyone, including the PCRA court or the Commonwealth, had recognized that the first PCRA petition was filed a day late. The Superior Court's decision was not appealed and the parties do not contest that the first PCRA petition was untimely filed.

The United States Supreme Court has held that no Sixth Amendment right or federal due process right to counsel exists during collateral review. Pennsylvania v. Finley , 481 U.S. 551, 556-57, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987) ; Coleman v. Thompson , 501 U.S. 722, 752, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). This Court has likewise never recognized a Pennsylvania constitutional right to counsel during PCRA review. Commonwealth v. Jones , 572 Pa. 343, 815 A.2d 598, 611 n. 13 (2002) (plurality); Commonwealth v. Lambert , 568 Pa. 346, 797 A.2d 232 (2001) (plurality); Commonwealth v. Christy , 540 Pa. 192, 656 A.2d 877, 881 (1995). We have acknowledged, however, that first time PCRA petitioners have a rule-based right to counsel, Pa.R.Crim.P. 904, and, accordingly, that there is a right to effective assistance of counsel in PCRA proceedings. Commonwealth v. Pursell , 555 Pa. 233, 724 A.2d 293, 303 (1999) ; Commonwealth v. Albrecht , 554 Pa. 31, 720 A.2d 693, 699-700 (1998) ;

The Dissent unsuccessfully attempts to distinguish Bennett . Both cases raise the same substantive issue, namely the timeliness of a second PCRA petition seeking relief in the form of appellate review of the merits of a first PCRA petition (which review was deprived as a result of ineffective assistance of counsel). That Bennett's first petition was timely filed (but then dismissed without appellate review) while Peterson's first petition was untimely filed (thus resulting in a lack of appellate review), is a distinction without a difference - as it merely goes to the nature of the ineffectiveness claim at issue. Herein, we conclude that because both cases involve instances of ineffectiveness of counsel per se , our holding in Bennett applies equally here.