J-S52023-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN JERMAINE BOYD | : | |
| | : | |
| Appellant | : | No. 1083 EDA 2020 |

Appeal from the PCRA Order Entered March 18, 2020
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s):  CP-39-CR-0000773-2012

BEFORE:   PANELLA, P.J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY McCAFFERY, J.:                    Filed: January 21, 2021

John Jermaine Boyd (Appellant) appeals *pro se* from the order entered in the Lehigh County Court of Common Pleas, denying and dismissing his second Post Conviction Relief Act[1] (PCRA) petition as untimely filed.  On appeal, Appellant does not challenge the PCRA court's finding of untimeliness, but instead presents an assortment of undeveloped, vague claims.  We affirm.

A prior panel of this Court summarized the pertinent procedural history. ***See Commonwealth v. Boyd***, 3479 EDA 2015 (unpub. memo. at 1-3) (Pa. Super. May 18, 2017) (first PCRA petition), *appeal denied*, 415 MAL 2017 (Pa.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

Dec. 13, 2017). On January 15, 2014, Appellant entered a negotiated guilty plea to two counts of third-degree murder.[2] On March 4, 2014, the trial court imposed two consecutive terms of 20 to 40 years' imprisonment. Appellant did not file post-sentence motions nor a direct appeal.

On December 16, 2014, Appellant filed a timely, *pro se* PCRA petition. We note the petition averred, *inter alia*, that in imposing sentence, the court did not consider Appellant's rehabilitative needs, and that the sentence violated **Alleyne v. United States**, 570 U.S. 99 (2013). The PCRA court appointed counsel, who then filed a petition to withdraw from representation. The PCRA court dismissed the petition, and on appeal, this Court affirmed on May 18, 2017. On December 13, 2017, the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal.

Appellant filed the *pro se* instant PCRA petition, his second, on November 13, 2019. The petition presented several vague and unclear claims: (1) this case "suffers from a chain of violations [relating to] procedural fairness;" (2) **Alleyne** "required . . . the sentencing factors be separated from the 'element' concerning the legal prescribed range of the penalty affixed to the crime;" (3) "[t]he element of his offense that increase[s] the floor and ceiling of his sentence, outside his prior record score, was never furnished in the complaint, information/indictment [sic];" (4) "20-40 years incarcerated

---

[2] 18 Pa.C.S. § 2502(c).

constitute a severe excessive punishment for one count of Murder;" (5) the trial court imposed maximum range sentences "without incorporating the 'element' which heightens loss of liberty associated with the crimes;" (6) "[s]entences that fall[ ] outside the realms of the complaint and information" are "void" by law; and (7) the trial court did not consider Appellant's rehabilitative needs. Appellant's Post Conviction Relief Act, 11/13/19, at 1-3 (unpaginated). While Appellant recurrently referred to an "element," he did not identify nor further explain this "element." Finally, Appellant invoked the PCRA timeliness exception at 42 Pa.C.S. § 9545(b)(1)(ii). While we note this exception pertains to newly discovered facts, Appellant did not specify any newly discovered fact, but instead merely argued "this information became available to [him] on October 26, 2019, [at the] SCI-Houtzdale law library," following more than a year in solitary confinement "in another facility." Appellant's Post Conviction Relief Act at 4.

On January 29, 2020, the PCRA court issued Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's petition without a hearing. The court reasoned the petition was untimely filed and, in any event, Appellant's claim of an illegal sentence was previously litigated in his first PCRA petition. Order, 1/29/20 (Rule 907 Notice), at 1 n.1. On February 20th, Appellant filed a *pro se* response, seeking permission to amend his petition. On March 18th, the court filed the underlying order denying and dismissing the petition.

Appellant filed a timely notice of appeal on April 9, 2020. On May 20th, the PCRA court issued an order directing Appellant to "file of record and serve on [the] court" a Pa.R.A.P. 1925(b) statement within 21 days, or by June 10th. *Order, 5/20/20.* The order directed Appellant "to file of record and serve on [the] court a concise statement of the errors complained of on appeal within 21 days," and advised "that any issue not properly included it the statement shall be deemed waived." *Order, 5/20/20.* The docket entry for this order indicates that on May 21st, the order was served by "regular" mail on Appellant and by "E-mail" on the District Attorney's office. Criminal Docket at 26. However, Appellant did not file any Rule 1925(b) statement. The PCRA court did not issue an opinion, but instead filed an order on June 25th, pointing out that Appellant did not file a Rule 1925(b) statement and reiterating the PCRA petition was untimely filed.

Appellant presents the following two issues on appeal:[3]

1. Instantly Appellant contends that the lower courts error [sic] by not recognizing this case is a clear showing of a miscarriage of justice based on abandonment claims alone.

2. Appellant suffers from a continuance practice of unconstitutional hardship that[']s constitutional based on untimeliness principle [sic].

---

[3] We quote these two issues from Appellant's "Summary of the Arguments" section; his brief does not include a statement of questions involved. *See* Pa.R.A.P. 2111(a)(4), (6) (appellant's brief "shall consist of the following matters, separately and distinctly entitled . . . : Statement of the questions involved [and] Summary of argument").

Appellant's Brief at 4.

Preliminarily, we consider the PCRA court's suggestion that Appellant has waived all appellate issues for failing to file a court-ordered Rule 1925(b) statement. *See* Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived."); *Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1988) ("[I]n order to preserve their claims for appellate review, Appellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Rule 1925[; a]ny issues not raised in a 1925(b) statement will be deemed waived."). However, we note that in the "statement of the case" section of his appellate brief, Appellant asserts, "No 1925(b) is [sic] requested from [A]ppellant." Appellant's Brief at 3. The Commonwealth has not addressed this issue. *See* Commonwealth's Brief at 7-9. We decline to find waiver under Rule 1925(b), and instead we affirm the dismissal of Appellant's PCRA petition on the ground it was untimely filed.

"When reviewing the denial of a PCRA petition, we must determine whether the PCRA court's order 'is supported by the record and free of legal error.'" *Commonwealth v. Johnson*, 139 A.3d 1257, 1272 (Pa. 2016) (citation omitted).

Generally, any petition under the PCRA, "including a second or subsequent petition, shall be filed within one year of the date the judgment

- 5 -

becomes final." 42 Pa.C.S. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in . . . the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). Nevertheless, an untimely petition may be considered if one of the three timeliness exceptions applies. Pursuant to the newly discovered facts exception, a PCRA court may review a facially untimely petition if the petitioner demonstrates "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S. § 9545(b)(1)(ii). A petition invoking a timeliness exception must be filed "within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).[4] A claim of an illegal sentence is subject to these filing requirements. **Commonwealth v. Fahy**, 737 A.2d 214, 222 (Pa. 1999). "We have construed the PCRA's timing provisions as jurisdictional in nature, and no court may entertain an untimely PCRA petition." **Commonwealth v. Small**, 238 A.3d 1267, 1280 (Pa. 2020).

---

[4] The prior version of this subsection provided petitioners 60 days, from the date the claim could have been presented, to invoke a timeliness exception. 42 Pa.C.S. § 9545(b)(2). The subsection was amended, effective December 24, 2018, to provide petitioners with one year to invoke a timeliness exception regarding "claims arising on Dec. 24, 2017 or thereafter." 42 Pa.C.S. § 9545(b)(2); Section 3 of Act 2018, Oct. 24, P.L. 894, No. 146, effective in 60 days. Because the instant petition was filed on November 13, 2019, we cite the amended version of subsection 9545(b)(2).

As stated above, Appellant was sentenced on March 4, 2014, and he did not file a post-sentence motion or a direct appeal. Thus, for PCRA purposes, his judgment of sentence became final when the 30-day period for filing a notice of appeal expired — on April 3, 2014. *See* 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903(a) (notice of appeal shall be filed within 30 days after entry of the order from which the appeal is taken). Appellant then had one year, or until April 3, 2015, to file a PCRA petition. *See* 42 Pa.C.S. § 9545(b)(1). The instant petition was filed more than four years later, on November 13, 2019. We thus review whether the petition properly invoked any of the timeliness exceptions.

Appellant's PCRA petition referred to the timeliness exception at subsection 9545(b)(1)(ii). His entire discussion was:

> 21. Lastly, this information became available to [Appellant on] October 26, 2019, in attendance with SCI-Houtzdale law library [sic] [. Prior to Appellant's] attendance here, he [was] in solitary confinement over a year in another facility until his transfer at SCI-Houtzdale. ***See Commonwealth v. Burton***, [158 A.3d 618 (Pa. 2017).] Also, outside of the retroactive aspects here, this Court can invoke sec. 9545(b)(1)(ii)[ ] exception to the time bar under circumstances that is beyond his control to have review to which he is entitled to. ***See Commonwealth v. Peterson***, 192 A.3d 1123 [(Pa. 2018).]

Appellant's Post Conviction Relief Act at 4.

Appellant's petition did not identify nor discuss any newly-discovered fact. Additionally, the petition failed to provide any explanation why the fact was unknown to Appellant "and could not have been ascertained by the exercise of due diligence." *See* 42 Pa.C.S. § 9545(b)(1)(ii). We thus agree

with the PCRA court that Appellant's petition was untimely, and we conclude the court lacked jurisdiction to review it. ***See Small***, 238 A.3d at 1280; Rule 907 Notice at 1 n.1.

Furthermore, we note that on appeal, Appellant makes no reference to, and does not dispute, the PCRA court's timeliness conclusion. Instead, his one and a half-page argument presents various undeveloped and somewhat unclear claims: (1) "the bound[a]ry between trial and appella[te] counsel naturally falls . . . at the notice of appeal," but this Court should "draw the line when the trial court orally pronounces the sentence," as "this is when the error-correcting stage begins;" (2) the PCRA court had jurisdiction over his 2014 PCRA petition; (3) "The ***Alleyne*** decision determine[d] that any sentence imposed outside of defendants['] prior record score is [an] element and must be [a part] of the information/indictment;" (4) ***Alleyne*** progeny cases "focus on the element in the plea agreement;" and (5) "Put another way, even if it was the court[']s belief that the nature of the offense required such a sent[e]nce it is still in violation of the law and statute because the legislature had already considered these grounds in fas[h]ioning the sentencing guidelines." ***See*** Appellant's Brief at 5-6. None of these claims address the PCRA court's conclusion that his petition was untimely filed.

We affirm the order denying and dismissing Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/21/21