# IN THE SUPREME COURT OF PENNSYLVANIA
## MIDDLE DISTRICT

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 75 MAL 2021 |
| | : | |
| Respondent | : | |
| | : | Petition for Allowance of Appeal |
| | : | from the **Unpublished** |
| v. | : | **Memorandum and Order** of the |
| | : | Superior Court at No. 400 MDA |
| | : | 2020 entered on January 13, 2021, |
| LAMAR DOUGLAS CLARK, | : | **affirming** the PCRA Order of the |
| | : | Lancaster County Court of Common |
| Petitioner | : | Pleas at No. CP-36-CR-0005760- |
| | : | 2014 entered on January 31, 2020 |

## ORDER

**PER CURIAM**                                                     DECIDED:  May 21, 2021

On May 3, 2016, a jury found Lamar Clark guilty of one count of third-degree murder and related crimes stemming from a November 2014 shooting at a bar in Lancaster, Pennsylvania.  The trial court sentenced Clark to an aggregate term of thirty-eight-and-one-half to eighty-one years' incarceration, and the Superior Court affirmed his judgment of sentence.  This Court denied his petition for allowance of appeal on January 3, 2018.  *See Commonwealth v. Clark*, 1289 MDA 2016 (Pa. Super. Apr. 25, 2017), *petition for allowance of appeal denied*, 177 A.3d 829 (Pa. 2018) (*per curiam*).

On November 26, 2018, Clark, acting *pro se*, timely filed a petition for relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46, challenging the effectiveness of his trial counsel.  The PCRA court appointed Clark's present counsel, Edwin G. Pfursich, IV, to represent him.  Counsel did not file an amended petition on Clark's behalf.  On January 31, 2020, following an evidentiary hearing at which Clark's prior attorney testified, the PCRA court dismissed Clark's petition, concluding that trial

counsel had a reasonable basis for his trial strategy and that Clark failed to demonstrate a reasonable probability that the outcome of the trial would have been different but for counsel's alleged errors.

Clark appealed and timely filed a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), raising four issues. Thereafter, PCRA counsel filed an appellate brief reiterating those four claims and raising two additional issues. In a unanimous memorandum, the Superior Court affirmed the denial of Clark's petition, finding that all six of the claims raised on appeal were waived. *See Commonwealth v. Clark*, 400 MDA 2020, 2021 WL 118887 (Pa. Super. Jan 13, 2021). Specifically, the panel determined that the four issues presented in Clark's Rule 1925(b) statement were waived for lack of development because Attorney Pfursich failed to cite or analyze any supporting legal authority in the brief he prepared for Clark, while the two remaining issues were waived because they were not raised in his Rule 1925(b) statement.

On February 12, 2021, Attorney Pfursich filed a petition for allowance of appeal on Clark's behalf. Therein, Attorney Pfursich presented no argument regarding whether or how the Superior Court erred in finding waiver and, once again, failed to support any of the arguments with citation to relevant authorities. On March 15, 2021, Clark filed a petition with this Court challenging Attorney Pfursich's effectiveness during the present appellate proceedings. Clark asserts that effective counsel cannot have a reasonable basis for failing to cite or discuss any pertinent legal authority in a brief submitted to the Superior Court on a petitioner's behalf and that, due to PCRA counsel's actions and omissions, Clark suffered prejudice when the court declined to consider the merits of his appeal. He requests that his case be remanded for appeal *nunc pro tunc*, and that he be permitted to proceed *pro se* or with the assistance of new counsel. On March 25, 2021, PCRA counsel filed a motion to withdraw from representation.

We have not recognized a Sixth Amendment right to effective assistance of counsel in PCRA proceedings. However, because PCRA petitioners have a rule-based right to counsel under the Pennsylvania Rules of Criminal Procedure, "there exists 'an enforceable right to effective post-conviction counsel.'" *Commonwealth v. Parrish*, 224 A.3d 682, 701 (Pa. 2020) (quoting *Commonwealth v. Albrecht*, 720 A.2d 693, 700 (Pa. 1998)). To that end, in *Commonwealth v. Shaw*, 21 MAP 2020, ___ A.3d ___, 2021 WL 1133205 (Pa. Mar. 25, 2021), "we approve[d] the Superior Court's approach permitting a claim of deficient stewardship on the part of appellate post-conviction counsel for failing to raise and preserve a claim that was pursued before the PCRA court to be raised on direct appeal." *Id.* at *7. Although we have not had occasion to delineate the full contours of the rule announced in *Shaw*, we previously have considered "attorney error result[ing] in a complete deprivation of PCRA review" to constitute ineffectiveness *per se*. *See Commonwealth v. Peterson*, 192 A.3d 1123, 1130 (Pa. 2018) (citing *Commonwealth v. Bennett*, 930 A.2d 1264, 1273 (Pa. 2007)). At the appellate stage, PCRA review may be forfeited when a petitioner's counsel files a brief waiving all preserved claims of error for lack of development, as occurred here. In light of the patently deficient handling of his PCRA appeal, Clark raised a challenge to his attorney's stewardship at the earliest possible opportunity. Under these circumstances, we agree that Clark is entitled to the reinstatement of his PCRA appellate rights *nunc pro tunc*.

**AND NOW**, this 21st day of May, 2021, the Petition for Allowance of Appeal is **GRANTED**, the Superior Court's memorandum and order are **VACATED**, and the case is **REMANDED** to that court with instructions to resolve petitioner's application for new counsel and alternative request to proceed *pro se*, and to set a new briefing schedule within fourteen days thereof. Clark's ancillary motion for a stay of these proceedings is **DENIED AS MOOT**. PCRA counsel's Application to Withdraw is **GRANTED**.