J-S07030-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHIAN DARALL GOEHRING | : | |
| | : | |
| Appellant | : | No. 825 WDA 2020 |

Appeal from the PCRA Order Entered January 31, 2019
In the Court of Common Pleas of Washington County Criminal Division at
No(s): CP-63-CR-0000897-2014

BEFORE: SHOGAN, J., DUBOW, J., and KING, J.

MEMORANDUM BY DUBOW, J.:                     **FILED: May 26, 2021**

Appellant Anthian Darall Goehring appeals from the Order denying his Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46. After careful review, we affirm.

In 2015, Appellant entered an open guilty plea[1] to Third-Degree Murder, Conspiracy to Commit Murder, and Robbery. On July 6, 2015, the court sentenced him to an aggregate term of thirty to sixty years' incarceration. This Court affirmed the Judgment of Sentence on September 16, 2016. **Commonwealth v. Goehring**, 1394 WDA 2015, 2016 WL 5001370 (Pa. Super. filed Sept. 16, 2016) (unpublished memorandum). Appellant did not seek further appellate review.

---

[1] Relevant to the Order currently before us on appeal, in his written plea colloquy, Appellant answered "no" to the question of whether he had any mental health illness that would interfere with his plea.

Appellant timely filed his first PCRA Petition *pro se* raising three issues, including two claims of ineffective assistance of plea counsel based on counsel's failure to: (1) inform Appellant that if he went to trial he would be entitled to a manslaughter jury instruction, and (2) request a mental health evaluation prior to sentencing. Appellant's third claim asserted that the imposition of consecutive sentences rendered his sentence illegal. **See** Motion for Post Conviction Relief (handwritten form), filed August 21, 2017, at 4, ¶ 6(c).

The court appointed Molly Maguire Gaussa, Esq., as PCRA counsel. On February 12, 2018, Ms. Gaussa filed an amended PCRA Petition asserting ineffective assistance of plea counsel for failing to obtain a mental health evaluation for Appellant prior to sentencing. Counsel stated in the amended Petition that she believed that two of the issues raised in Appellant's *pro se* Petition were without merit and she, thus, requested a hearing on only the issue of counsel's failure to obtain and present to the court a mental health evaluation as part of the Pre-Sentence Report.

The PCRA court held a hearing on November 15, 2018, at which both Appellant and his trial counsel testified that Appellant never told counsel he had any mental illness. **See** N.T. PCRA Hearing, 11/15/18, at 7, 37 (counsel testifying that he first became aware of Appellant's mental illness upon receipt of the PSI); 26 (Appellant acknowledging he never told counsel about his mental illness because he did not think it was "relevant"). After both parties filed memoranda, the court entered a "Notice and Order" on January 4, 2019,

concluding that the hearing failed to demonstrate to the court that there was a genuine issue of material fact. Specifically, the PCRA court reviewed the testimony that was presented at the PCRA hearing and concluded plea counsel was not ineffective for failing to raise "mitigating circumstances of which [Appellant] failed to inform him." *Id*. at 5. The court also concluded that Appellant "failed to prove that he suffered any prejudice as a consequence of [counsel] not highlighting [Appellant's] mental health issues that appeared in the PSI report." *Id*.

Citing Pa.R.Crim.P. 907, the court notified the parties of its intent to dismiss the Petition, and allowed them 20 days to respond.

On January 31, 2019, the PCRA court entered an Order denying the Petition. The Order also provided that "Molly Maguire Gaussa, court appointed PCRA counsel, is permitted to withdraw," and informed Appellant of his right to appeal within 30 days.

On February 27, 2019, Appellant *pro se* filed a document titled "PCRA Appeal Filing" which he characterized as "defendant[']s response to the order handed down on January 30, 2019." This document requested the appointment of counsel "to assist with the filing of this appeal." The court of common pleas docketed this filing on February 27, 2019. The court did not forward this document to the Superior Court.

On March 1, 2019, the PCRA court entered an Order granting Appellant's request to have PCRA counsel appointed for the appeal by reaffirming Attorney

Gaussa's representation "to the extent that PCRA counsel … has not filed any motion with the Court to withdraw."[2]

On June 27, 2019, Appellant *pro se* filed a letter with the PCRA court indicating that PCRA counsel had abandoned him after the November 15, 2018 evidentiary hearing, despite her telling him that she would file an appeal on his behalf. He stated that counsel never sent him a response regarding an appeal. On April 28, 2020, the court entered an Order appointing Corrie Woods, Esq. to replace Ms. Gaussa.

Ms. Woods then filed an Amended PCRA Petition in which she characterized the court's April 28, 2020 Order as "ostensibly construing the [June 27, 2019] letter as a serial petition for relief pursuant to the PCRA." Amended Petition at 3, ¶13. Acknowledging that the second PCRA Petition was facially untimely, counsel asserted in the Amended Petition that Appellant's second PCRA Petition fell within the timeliness exception provided in 42 Pa.C.S. § 9545(b)(1)(ii). Counsel correctly noted that because first PCRA counsel's failure to pursue Appellant's right to appeal resulted in the lapse of Appellant's appeal rights, that failure constituted *per se* ineffectiveness, pursuant to **Commonwealth v. Peterson**, 192 A.3d 1123 (Pa. 2018). As our Supreme Court held in **Peterson**, *per se* ineffectiveness falls within the newly-discovered fact exception to the PCRA's one-year time bar, thereby providing the court with jurisdiction to consider the relief

---

[2] Curiously, this Order appears on the court of common pleas docket as "Order Granting Extension on PCRA."

requested within the second PCRA Petition. Amended Petition at 4, ¶¶18-19. The only issue Appellant presented in his second Amended Petition was a request for the reinstatement of his right to appeal from the denial of his first PCRA Petition *nunc pro tunc* or, alternatively, a hearing on the Amended second PCRA Petition. Notably, Appellant did not assert in his second PCRA Petition that first PCRA counsel's assistance throughout the PCRA proceedings in the lower court was ineffective. Rather, he asserted ineffectiveness within the narrow context of overcoming the PCRA's time bar and only with respect to first PCRA counsel's failure to file an appeal so he could acquire his appellate rights *nunc pro tunc* to obtain review of the denial of his first PCRA Petition.

The PCRA court scheduled a hearing for July 30, 2020. However, on July 28, 2020, the court granted the relief requested in the Petition, *i.e.*, the right to appeal the denial of his first PCRA Petition, and reinstated Petitioner's right to appeal *nunc pro tunc* from its January 31, 2019 Order.

Appellant timely appealed from the January 31, 2019 Order. The court did not order a Pa.R.A.P. 1925(b) Statement and did not file a Rule 1925(a) Opinion.

Appellant now presents the following Statement of Question Involved:

> Did [Appellant's] initial PCRA counsel's failure to investigate the basic facts of the claim she raised in her amended petition, leading to its rejection as meritless, deprive Appellant of any meaningful PCRA-merits review and constitute ineffective assistance of counsel *per se* warranting reinstatement of his right to file an amended petition *nunc pro tunc*?

Appellant's Brief at 4.

Within his Brief, Appellant argues for the first time that first PCRA counsel's presentation of a claim that the court found lacking in merit demonstrates that PCRA counsel did not provide meaningful review of Appellant's case. He avers that PCRA counsel's errors and omission completely deprived Appellant of meaningful PCRA merits review, thus, warranting the "reinstatement of his rights at the procedural posture of the deprivation." Appellant's Brief at 12, 16-17, citing, *inter alia*, **Peterson**, *supra*. Appellant contends he is, therefore, "entitled to reinstatement of his right to file an amended [PCRA] petition *nunc pro tunc*." **Id**. at 17.

Appellant's issue is a challenge to the effectiveness of PCRA counsel's stewardship during the PCRA proceedings. It is well-settled that challenges to PCRA counsel's representation cannot be raised for the first time on appeal. **Commonwealth v. Henkel**, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*).

As noted above, in his second PCRA Petition, Appellant specifically and solely requested the right to appeal *nunc pro tunc* from the Order denying Appellant's first PCRA petition. Within that second PCRA Petition and its amendment, Appellant did not challenge first PCRA counsel's stewardship provided *during* those PCRA proceedings. Rather, Appellant sought and received permission to address the denial of the claims raised in his first PCRA Petition, which specifically pertained to plea counsel's stewardship and other claims found meritless by the PCRA court. Although second PCRA counsel sought and was able to obtain *nunc pro tunc* relief outside the PCRA's one-year time bar because first PCRA counsel failed to file a notice of appeal,

second PCRA counsel did not allege in Appellant's Amended second PCRA Petition that first PCRA counsel ineffectively represented Appellant *throughout* the PCRA proceedings. Rather, Appellant sought only the right to appeal *nunc pro tunc* from the denial of his PCRA Petition which challenged, *inter alia*, plea counsel's representation. That is the Order from which this Appeal was taken.

While we appreciate counsel's creative attempt to expand the holding of **Peterson** to obtain review of a claim she should have raised in Appellant's second PCRA Petition, only the Legislature or the Supreme Court may provide such an expansion. Our case law is well-settled that PCRA counsel's ineffectiveness cannot be raised for the first time in an appeal from the denial of PCRA relief. Accordingly, we are unable to review this claim. **See** Pa.R.A.P. 302(a) (issues not raised before the lower court are waived); **Henkel**, **supra** at 29 (recognizing the constraints Pennsylvania case law places on a PCRA petitioner's ability to enforce the rule-based right to effective PCRA counsel).

We further note that Appellant's Brief fails to inform this Court as to how the PCRA court erred in denying the relief requested in his first PCRA Petition that addressed plea counsel's failure to obtain a mental health evaluation before sentencing. Thus, any arguments Appellant could have raised, that would have fallen within the scope of the Order from which the court granted his right to appeal *nunc pro tunc,* are waived.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/26/2021