J-S11012-21

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| GREGORY M. BAKER | |
| Appellant | No. 1424 WDA 2019 |

Appeal from the PCRA Order entered August 19, 2019
In the Court of Common Pleas of Beaver County
Criminal Division at No: CP-04-CR-0000197-2010

BEFORE:  STABILE, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY STABILE, J.:                **FILED: AUGUST 13, 2021**

Appellant, Gregory M. Baker, appeals from the August 19, 2019 order entered in the Court of Common Pleas of Beaver County, denying his petition for collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Upon review, we affirm.

The background of the instant appeal is not at issue.  Briefly, a jury convicted Appellant on February 15, 2011 of third-degree murder, two counts of aggravated assault, and recklessly endangering another person, in connection with an incident involving two individuals that took place on December 3, 2009.  The trial court sentenced Appellant to an aggregate term of imprisonment of 30 to 60 years.  The judgment of sentence was

_____

[*] Retired Senior Judge assigned to the Superior Court.

affirmed by our Court on May 13, 2013. ***See Commonwealth v. Baker***, No. 1081 WDA 2012, unpublished memorandum at 1 (Pa. Super. filed May 13, 2013). Appellant did not seek allowance of appeal with the Supreme Court.

On August 11, 2014, Appellant filed his first PCRA petition alleging trial counsel's ineffectiveness. Following an evidentiary hearing on April 10, 2015, the PCRA court dismissed the petition on the merits. On appeal, on September 8, 2017, we affirmed the PCRA court's order albeit on other grounds (*i.e.*, we found that the PCRA petition was untimely, never addressing the merits). ***See Commonwealth v. Baker***, No. 1109 WDA 2015, unpublished memorandum at 5 (Pa. Super. filed September 8, 2017).

On October 5, 2018, Appellant filed the instant PCRA petition, his second, alleging (1) a miscalculation of the date when his judgment of sentence became final, (2) that the issue of the timeliness of his first PCRA petition was waived, and (3) that, in the alternative, prior PCRA counsel was ineffective for filing an untimely PCRA petition. ***See*** PCRA Court Order, 12/18/18, at 1-2.

On August 19, 2019, the PCRA court denied Appellant's second PCRA petition. This appeal followed.

Appellant argues that the Superior Court, the PCRA court, and the Commonwealth all erred in determining the exact date when his judgment of sentence became final. According to Appellant, his judgment of sentence became final ninety days after the Superior Court's affirmance of the

- 2 -

judgment of sentence on May 13, 2103, or August 13, 2013. Since Appellant's first PCRA petition was filed on August 11, 2014, the petition was therefore timely.

Appellant's novel reading of Section 9545(b)(3) is unsupported by the plain language of the provision and is inconsistent with hundreds of decisions that hold otherwise.

Section 9545(b)(3) reads as follows: "[A] judgment of sentence becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

It is well-established that a petition for allowance of appeal from decision of our Court must be filed within 30 days of the decision itself. *See* Pa.R.A.P. 1113(a). If a litigant decides not to pursue further review from our decision, the underlying judgment of sentence becomes final upon expiration of said 30-day term. *See* 42 Pa.C.S.A. § 9545(b)(3). If a petition for allowance of appeal is filed, then a litigant must wait until the Pennsylvania Supreme Court decides the petition. If the Pennsylvania Supreme Court denies relief, then the litigant must decide whether to appeal to the United States Supreme Court. If no petition for writ of *certiorari* is filed with the United States Supreme Court, the judgment of sentence becomes final at the expiration of the 90-day period available to petition the

United States Supreme Court. *See* 42 Pa.C.S.A. § 9545(b)(3), U.S.Sup.Ct.R. 13.1.[1]

A litigant could petition the United States Supreme Court only if our Supreme Court denies relief. Thus, the 90-day term is available only to those litigants who appeal from the Pennsylvania Supreme Court. If no appeal to the Pennsylvania Supreme Court is filed, then the judgment of sentence becomes final at the expiration of the 30-day term.

Litigants have a choice whether to pursue further appeals. However, they are bound to the rules regulating those appellate proceedings and cannot mix rules pertaining to different proceedings to meet their needs.

As noted above, we affirmed Appellant's judgment of sentence on May 13, 2013. *Baker*, No. 1081 WDA 2012. Since Appellant did not file a petition for allowance of appeal to our Supreme Court, his judgment of sentence became final on June 13, 2013. *See* 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 1113(a). Therefore, Appellant had one year from June 13, 2013, or until July 13, 2014, to file a petition under the PCRA. However, Appellant did not file his first petition until August 11, 2014, and thus his petition was

---

[1] Rule 13 provides, in relevant part, that "a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment. A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review." U.S.Sup.Ct.R. 13.1.

facially untimely. *See Baker*, No. 1109 WDA 2015. Accordingly, Appellant's argument to the contrary is without merit.

Next, Appellant alleges that since both the Commonwealth and the PCRA court did not realize that the first PCRA petition was untimely, the timeliness issue is waived. Once again, Appellant offers no support for his claim. Indeed, there is none. On the other hand, it is well established that timeliness pertains to the jurisdiction of the court, and it can be raised *sua sponte* by the Superior Court. *See*, *e.g.*, *Commonwealth v. Reid*, 235 A.3d 1124, 1143 (Pa. 2020). Jurisdiction cannot be waived.

Finally, Appellant argues that PCRA counsel was ineffective in connection with the filing of the first PCRA petition. As noted, we found Appellant's first PCRA petition untimely and, as such, we did not entertain the merits of the same. Appellant now argues that he is entitled to a review of the merits of his claims under *Commonwealth v. Peterson*, 192 A.3d 1123 (Pa. 2018). According to Appellant, counsel's failure to file a timely PCRA petition qualifies as an exception to the timeliness bar under Section 9545(b)(1)(ii). Appellant's reliance on *Peterson* is misplaced.

In *Peterson*, the Supreme Court held that PCRA counsel's ineffectiveness may constitute a newly discovered fact for purposes of the Section 9545(b)(1)(ii) timing exception "where PCRA counsel's ineffectiveness *per se* completely forecloses review of collateral claims." *Peterson*, 192 A.3d at 1130. In that case, the Supreme Court concluded PCRA "[c]ounsel's untimely filing of [the petitioner's] first PCRA petition[,

just one day late,] constituted ineffectiveness per se, as it completely foreclosed [him] from obtaining review of the collateral claims set forth in his first PCRA petition." *Id.* at 1132.

However, nowhere did the **Peterson** Court excuse PCRA petitioners from pleading and proving that counsel's ineffectiveness was unknown to petitioner and that it could not have been discovered with the exercise of due diligence.[2] ***See***, ***e.g.***, ***Commonwealth v. Harris***, 2021 WL 1148521, at *4 (Pa. Super. March 25, 2021); ***Commonwealth v. Lilly***, 2021 WL 796682, at *2 (Pa. Super. March 2, 2021) (while claims of ineffectiveness "*per se* may, in limited circumstances, qualify a petition as timely under the newly-discovered facts exception, the petitioner must plead and prove to the PCRA court that these new 'facts' were previously unknown to the petitioner and could not have been ascertained by the exercise of due diligence.").[3]

Here, Appellant failed to plead and prove the ineffectiveness was unknown and the steps he took to uncover it. To this end, the PCRA court found:

_____

[2] Indeed, in **Peterson**, but not here, "the PCRA court made factual findings that Peterson did not know about the untimely filing and could not have ascertained this fact through the exercise of due diligence." **Peterson**, 192 A.3d at 1130-31.

[3] ***See*** Pa.R.A.P. 126(b) (unpublished non-precedential decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value).

[Appellant] failed to present any evidence regarding when he became aware of the untimely filing of his first PCRA petition or why he could not have ascertained by exercise of due diligence that the first PCRA petition was untimely filed in order to qualify for the exception set forth in 9545(b)(1)(ii) as interpreted in ***Peterson***.

PCRA Court Memorandum Opinion and Order, 8/19/19, at 9.[4]

Accordingly, because Appellant failed to plead and prove that the exception set forth in 42 Pa.C.S.A. § 9545(b)(1)(ii) was met, the PCRA court dismissed Appellant's second PCRA petition as untimely.  In light of the foregoing, we agree with the PCRA court's analysis and conclusions.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  8/13/2021

---

[4] The requirements for the applicability of Section 9545(b)(1)(ii) were not addressed in Appellant's second PCRA petition and were not addressed in his appellate brief.