J-S11004-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LARRY KERMIT RANKIN | |
| Appellant | No. 982 WDA 2020 |

Appeal from the PCRA Order entered August 14, 2020
In the Court of Common Pleas of Allegheny County
Criminal Division at No: CP-02-CR-0015802-2010

BEFORE:  STABILE, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY STABILE, J.:          **FILED: AUGUST 10, 2021**

Appellant, Larry Kermit Rankin, appeals *pro se* from the August 14, 2020 order entered in the Court of Common Pleas of Allegheny County denying his third petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Upon review, we affirm.

We previously summarized the relevant factual and procedural background as follows:

> On September 11, 2011, Appellant pled guilty [to third-degree murder and carrying a firearm without a license] based upon an incident in which he shot and killed Keith Pack during a drug deal. Appellant was sentenced to an aggregate sentence of twenty-two-and-one-half to forty-five years' incarceration.  Appellant did not file a direct appeal from his judgment of sentence.

---

[*] Retired Senior Judge assigned to the Superior Court.

On approximately August 14, 2012, the trial court received Appellant's *pro se* first PCRA petition. Counsel was appointed, and after a series of extensions of time, on June 20, 2014, counsel filed an amended petition on Appellant's behalf. The amended PCRA petition raised several claims, including that (1) trial counsel was ineffective for failing to file a motion to withdraw Appellant's guilty plea; (2) trial counsel was ineffective for failing to order a mental health and competency hearing prior to Appellant's guilty plea; and (3) Appellant's guilty plea was not knowing and voluntary because he was not made aware of the maximum sentence for third-degree murder.

The PCRA court ordered an evidentiary hearing on Appellant's first amended PCRA petition. Before an evidentiary hearing was held, however, Appellant requested that his PCRA petition be withdrawn, stating in a letter to counsel that he felt as though he was making the right decision to withdraw the matter after evaluating his situation. Counsel filed a motion requesting to withdraw the matter, and the PCRA court entered an order granting the motion on April 24, 2015, which was mailed to counsel.

Appellant mailed [his second PCRA petition] on May 27, 2017, and it was received and docketed on June 7, 2017. . . . On July 28, 2017, the PCRA court entered an order indicating the intent to dismiss Appellant's second PCRA petition as untimely[.]

[O]n August 29, 2017, the PCRA court entered an order, dated August 29, 2017, which dismissed Appellant's second PCRA petition.

**Commonwealth v. Rankin**, No. 1434 WDA 2017, unpublished memorandum at 1-3 (Pa. Super. filed July 10, 2018) (footnotes and citations to the record omitted).

Appellant filed a timely notice of appeal from the dismissal of his second PCRA petition. Upon review, we affirmed the dismissal. **See id**. On November 26, 2018, our Supreme Court denied Appellant's petition for leave to file a petition for allowance of appeal *nunc pro tunc*.

- 2 -

On January 8, 2020, Appellant filed the instant PCRA petition, his third. On June 2, 2020, the PCRA court issued a notice of intent to dismiss Appellant's third PCRA petition. The PCRA court dismissed the petition on August 14, 2020. This appeal followed.

"[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014) (citation omitted). All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless an exception to timeliness applies. 42 Pa.C.S.A. § 9545(b)(1). "The PCRA's time restrictions are jurisdictional in nature. Thus, if a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006) (internal citations and quotation marks omitted) (overruled on other grounds by *Commonwealth v. Small*, 238 A.3d 1267 (Pa. 2020)). As timeliness is separate and distinct from the merits of Appellant's underlying claims, we first determine whether this PCRA petition is timely filed. *Commonwealth v. Stokes*, 959 A.2d 306, 310 (Pa. 2008).

As noted above, Appellant filed the instant petition on January 8, 2020, more than eight years after his judgment of sentence became final. As such, the instant petition is facially untimely.

Again, all PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). The one-year time limitation, however, can be overcome if a petitioner (1) alleges and proves one of the three exceptions set forth in Section 9545(b)(1)(i)-(iii) of the PCRA, and (2) files a petition raising this exception within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).[1]

Appellant argues he meets the requirements of the newly-discovered fact exception set forth in Section 9545(b)(1)(ii). This exception requires a petitioner to plead and prove two components: 1) the facts upon which the claim was predicated were unknown, and (2) these unknown facts could not have been ascertained by the exercise of due diligence. *See Commonwealth v. Burton*, 158 A.3d 618, 638 (Pa. 2017).

In his PCRA petition, Appellant argued that plea counsel was ineffective for advising Appellant to take the plea and that PCRA counsel was ineffective

---

[1] Section 9545(b)(2) was amended to enlarge the deadline from sixty days to one year. The amendment applies only to claims arising on or after December 24, 2017. Here, although Appellant claims he learned of the new facts on October 18, 2019, the record reveals that he was aware of them well before December 24, 2017. Regardless, whether it is 60 days or one year, as noted *infra*, Appellant's third PCRA petition is untimely.

- 4 -

for advising Appellant to withdraw his first PCRA petition, and that he learned of counsel's ineffectiveness only after speaking to another inmate, Robert Stringer, on October 18, 2019. PCRA Petition, 1/8/20, at 2-3 (unnumbered). Appellant further explains his claims as follows: "it was 'unknown' to him that he had a right to insist on going to trial despite Trial Counsel's advice to take a plea" and that "it was unknown to him that he did not have to withdraw his initial PCRA petition despite PCRA Counsel's advice to do so." *Id.* at 3 (unnumbered).[2]

---

[2] In his brief before us, Appellant raises two additional claims: (i) the PCRA court erred in not holding an evidentiary hearing on his petition, which would have proved the timeliness of the same, and (ii) the PCRA court misinterpreted and misapplied the due diligence prong of the newly-discovered fact exception in that a hearing was necessary to establish whether Appellant exercised due diligence. Appellant's Brief at 3. These claims will not be addressed as they were not raised below. As such, they are waived. *See* Pa.R.A.P. 302(a). In any event, no relief is due, even if properly raised.

An evidentiary hearing cannot be used as a "fishing expedition that may support some speculative claim of ineffectiveness." *Commonwealth v. Jones*, 811 A.2d 994, 1003 n.8 (Pa. 2002).

Additionally, "[t]he PCRA court has the discretion to dismiss a petition without a hearing when the court is satisfied 'that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by any further proceedings.'" *Commonwealth v. Hutchinson*, 25 A.3d 277, 294 (Pa. 2011) (quoting Pa.R.Crim.P. 909(B)(2)). "[T]o obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing." *Id.* at 295 (quoting *Commonwealth v. D'Amato*, 856 A.2d 806, 820 (Pa. 2004)).

Appellant's claims are unsupported by the law and the record. First, it is well-established that "counsel's ineffectiveness may not be invoked as a newly-discovered 'fact' for purposes of invoking the subsection 9545(b)(1)(ii) exception." ***Commonwealth v. Peterson***, 192 A.3d 1123, 1129 (Pa. 2018) (citing ***Commonwealth v. Gamboa-Taylor***, 753 A.2d 780, 785 (Pa. 2000)).

Second, to the extent Appellant argues that the newly-discovered fact consists of him recently becoming aware that he was not required to take the guilty plea and that he was not required to withdraw his PCRA petition, we are unaware of any decision or statute that supports the proposition advanced herein by Appellant, *i.e.*, ignorance of law can be invoked as a newly-discovered 'fact' for purposes of subsection 9545(b)(1)(ii). ***See Commonwealth v. Yohe***, 2019 WL 2246618, at *5 (Pa. Super. May 24,

_____

As explained *infra*, there are no issues of material fact requiring a hearing. Indeed, the record belies Appellant's allegations about when he learned of counsel's ineffectiveness, or about Appellant's unawareness about his rights.

Based on the record, therefore, we would have concluded that Appellant's petition is untimely and that he failed to establish any of the exceptions to the general rule on timeliness. Accordingly, even if properly raised, we would not have found the PCRA court erred or abused its discretion in not holding a hearing on Appellant's petition. ***See Commonwealth v. Marshall***, 947 A.2d 714, 723 (Pa. 2008) (finding no error in the PCRA court's refusal to hold an evidentiary hearing for an untimely PCRA petition to which no exceptions applied).

2019) ("[L]ater-acquired knowledge of a legal principle does not constitute a newly-discovered fact.").[3]

Similarly, the PCRA court noted that "becoming aware of a legal principle [*i.e.*, Appellant was not required to take the plea offered and was not required to withdraw his first PCRA petition] one claims to have not been aware of previously is not discovering '. . . the facts upon which the claim is predicated.'" PCRA Court Opinion, 6/2/21, at 2.[4]

Finally, the record belies Appellant's claim of ignorance. Indeed, the PCRA court noted:

> The written guilty plea conducted by the [trial] court at his plea colloquy [Appellant] completed before entering his plea advised him that he would be giving up his right to proceed to trial by entering his plea. That and the oral colloquy conducted by [the trial court] at his plea hearing made him aware that he was under no obligation to plead guilty and could proceed to trial if he wished.
>
> . . . It is also beyond doubt that [Appellant]'s decision to withdraw his first PCRA petition was knowing and voluntary and that his claim that he was not aware that he could proceed with that petition is not truthful. Attached to his petition are several letters

---

[3] *See* Pa.R.A.P. 126(b) (unpublished non-precedential decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value).

[4] The Commonwealth similarly noted that "Pennsylvania law does not regard legal principles and case law as 'facts'." Commonwealth's Brief at 14 (citing *Commonwealth v. Reid*, 235 A.3d 1124, 1146 (Pa. 2020) (in-court rulings and judicial opinions "do not satisfy the newly discovered fact exception because 'an in-court ruling or published judicial opinion is law, for it is simply the embodiment of abstract principles applied to actual events. The events that prompted the analysis, which must be established by presumption or evidence, are regarded as fact.'") (quoting *Commonwealth v. Watts*, 23.A3d 980, 987 (Pa. 2011)).

from his PCRA counsel explaining to him the consequences of proceeding with his petition. Beginning with a letter dated July 3, 2013, to [Appellant] from chief counsel of the Allegheny County Office of Conflict Counsel, Richard Narvin, [Appellant] was advised that should he be successful in his [post conviction relief] proceeding and be awarded a new trial, he would, once again, face the charge of first degree murder and the possibility of a life sentence if he was convicted of that charge. Mr. Narvin wrote:

> In my opinion, under these facts, the jury will determine that you are the person that did this, and first-degree murder would be inevitable. I know your sentence is a long one and I understand you were doing time, I am not, but I feel you need to be advised of this before proceeding further.

Mr. Narvin concluded with the following:

> On the other hand, **if you decide that you wish to proceed, we will do everything we can to see that you receive a new trial**.

(Emphasis supplied). Later, on May 11, 2014, associate counsel Brandon Herring, advised [Appellant]:

> Please bear in mind that the remedy that will be sought for you pursuant to your PCRA petition would be to withdraw your guilty plea and you will proceed to trial. Accordingly, **you could be sentenced to more incarceration**. Specifically, if you are convicted of murder in the first degree, you will be sentence to a **life sentence**. Based on my review of your file, I believe this is a strong possibility. I will be happy to file your PCRA petition for you, but you must decide if you wish to possibly subject yourself to significantly higher sentence than the one you are serving now.

(Emphasis in original).

The same message was conveyed on October 16, 2014, by Mr. Herring when he again advised [Appellant] of his concern that [Appellant] could face a sentence of life imprisonment if he were granted a new trial. Mr. Herring

advised him to withdraw his petition but did conclude his letter by assuring [Appellant] that if he chose otherwise, ". . . we will proceed with your hearing." This letter was sent after counsel had filed an Amended Post Conviction Relief Act petition on [Appellant]'s behalf and after the initial hearing had been scheduled. It was after this letter that counsel filed a motion asking to be allowed to withdraw the Post Conviction Relief Act petition.

These letters, supplied by [Appellant] and attached to his *pro se* PCRA petition, establish that [Appellant]'s claim that he was not given proper advice regarding his pending PCRA petition is false. PCRA counsel properly advised him of the possible consequences should his petition succeed in securing a new trial. Counsel's warning that if successful on the PCRA petition, he would proceed to trial on a charge of first-degree murder and would face a sentence, if convicted, of life in prison without the possibility of parole, was not only the proper advice, counsel would have been derelict in not giving that advice. Nor was it inappropriate for counsel to offer their view that based on the evidence, should he be awarded a new trial, he would likely be convicted of first-degree murder.

The communications with [Appellant] establish that [Appellant] was given proper advice from his counsel but that, ultimately, it was his decision whether to proceed with the petition or withdraw it. They gave him what he needed to make an informed decision; they did not coerce him or in any way prevent him from proceeding in any manner he chose. Accordingly, because the documents that [Appellant] attached to his pleading established, as a matter of fact, that the averments he is offering in support of his request for relief are factually incorrect and that the facts actually defeat his claims, those claims will be dismissed without a hearing.

PCRA Court Opinion, 6/2/21, at 2-5 (unnecessary capitalization removed).

We agree with the PCRA court's analysis and assessment: the record does not support Appellant's claims it was "unknown" to him that he had a

right to insist on going to trial and that it was "unknown" to him that he did not have to withdraw his initial PCRA petition.

In light of the foregoing, therefore, we conclude the instant PCRA petition is untimely and that Appellant failed to meet the "newly-discovered" fact exception to the timeliness bar. To the extent the claims could be deemed timely, they are nonetheless without merit for the reasons stated above.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/10/2021