J-A18011-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSE CORTES | : | |
| | : | |
| Appellant | : | No. 1443 WDA 2021 |

Appeal from the PCRA Order Entered November 4, 2021
In the Court of Common Pleas of Washington County
Criminal Division at No:  CP-63-CR-0003434-2016

BEFORE:  STABILE, J., MURRAY, J., and McLAUGHLIN, J.

MEMORANDUM BY STABILE, J.:                **FILED: MARCH 28, 2023**

Appellant, Jose Cortes, appeals from the November 4, 2021 order dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  We affirm.

The record reveals that, on April 12, 2019, Appellant pled guilty to two counts of involuntary deviate sexual intercourse ("IDSI"), endangering the welfare of children ("EWOC") and corruption of minors.[1]  After accepting the plea, the trial court imposed an aggregate four to twelve years of incarceration followed by three years of special probation.  Appellant did not file post-sentence motions or a direct appeal.  Seventeen months later, on September 10, 2020, Appellant filed a *pro se* PCRA petition.  Appellant filed an amended,

---

[1]  18 Pa.C.S.A. §§ 3123(b), 4304(a)(1), and 6301(a)(1)(ii).

counseled PCRA petition on October 15, 2020. He claimed counsel was ineffective for failing to file a requested direct appeal. He also claimed he was unaware of counsel's failure until August 12, 2020, when he sent a letter to the Washington County Clerk of Courts requesting information on his appeal and received a response one week later stating that no appeal was pending. The Commonwealth filed its answer on February 17, 2021.

On August 27, 2021, the PCRA court conducted a hearing. In support of the timeliness of his petition, Appellant testified that he was unaware of counsel's failure to file the requested appeal until after the PCRA deadline expired. Appellant did not produce counsel to testify at the PCRA hearing. On November 4, 2021, the PCRA court entered an order dismissing the petition as untimely. This timely appeal followed.

Appellant presents the following question:

> Did the PCRA Court err in denying [Appellant's] amended petition on the factually unsupported ground that [Appellant] knew that counsel had failed to file post-sentence motions and/or an appeal more than a year prior to his filing of his *pro se* petition seeking reinstatement of his right to do so?

Appellant's Brief at 4.

We conduct our review as follows:

> In PCRA appeals, our scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party. Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. We defer to the PCRA court's factual findings and credibility determinations supported by the record. In contrast, we review the PCRA court's legal conclusions *de novo*.

*Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 779 (Pa. Super. 2015), *appeal denied*, 123 A.3d 331 (Pa. 2015).

The PCRA requires that any petition thereunder be filed within one year of the date of finality of the judgment of sentence. 42 Pa.C.S.A. § 9545(b)(1). Appellant concedes that the instant petition is facially untimely. But the PCRA provides an exception to the one-year time bar if "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]" 42 Pa.C.S.A. § 9545(b)(1)(ii). A petition filed under § 9545(b)(1)(ii) must be filed within one year of the first date on which the claim could have been raised. 42 Pa.C.S.A. § 9545(b)(2). The PCRA's timeliness provisions are jurisdictional; our courts have no authority to entertain a petition that does not meet them. *Commonwealth v. Jackson*, 30 A.3d 516, 519 (Pa. Super. 2011), *appeal denied*, 47 A.2d 845 (Pa. 2012).

The timeliness exception under § 9545(b)(1)(ii) has two elements: (1) the facts upon which the PCRA claim is predicated were unknown to the petitioner; and (2) the petitioner could not have learned of those facts through the exercise of due diligence. *Commonwealth v. Peterson*, 192 A.3d 1123, 1128 (Pa. 2018). "Due diligence does not require perfect vigilance and punctilious care, but merely a showing the party has put forth reasonable effort to obtain the information upon which a claim is based." *Commonwealth v. Cox*, 146 A.3d 221, 230 (Pa. 2016). And where, as here,

the petitioner alleges that counsel's ineffectiveness completely deprived him of the opportunity for collateral review, counsel's ineffectiveness can be raised as a newly discovered fact. *Peterson*, 192 A.3d at 1130 (**citing** *Commonwealth v. Bennett*, 930 A.2d 1264 (Pa. 2018)). Thus, an attorney's failure to file a brief (as in *Bennett*) or filing of a PCRA petition one day late (as in *Peterson*) can be a newly discovered fact that permits the courts to exercise jurisdiction over a PCRA petition under § 9545(b)(1)(ii).

Instantly, the record establishes that Appellant **knew** of his counsel's failure to file the allegedly[2] requested appeal well within the one-year time limitation. As noted above, Appellant was sentence on April 12, 2019 and took no further action after that date. His judgment of sentence became final thirty days later, on May 13, 2019. He therefore had until May 12, 2020 to file a PCRA petition. Appellant testified at the PCRA hearing that he asked his family to periodically check on the status of his appeal. N.T. Hearing, 8/27/21, at 9, 16-17. Appellant also testified that as of September of 2019, he was aware that he could ask his family to look at his docket sheet for him. *Id.* at 17. He did so, and they informed him nothing new was scheduled; i.e., there was no post-sentence motion or a scheduled hearing thereon. *Id.* at 19. In December of 2019, he personally confirmed the status of his docket with "a staff worker." *Id.* at 17.

_____

[2] Appellant did not call counsel as a witness at the PCRA hearing.

In addition, the record confirms that Appellant was informed at his sentencing of the ten-day deadline for filing a post-sentence motion if he was unhappy with the sentence imposed. *Id.* at 21. Thus, Appellant's awareness in September and December of 2019 was more that sufficient to inform him that counsel had failed to take any action on his behalf. And, as of that time, he had eight months remaining within which to file a timely PCRA petition. He failed to do so. Furthermore, Appellant did not contact his attorney in September or December of 2019 to ask why the docket reflected no further action after his sentencing. *Id.* at 17.

Thus, the record supports the PCRA court's findings that Appellant was aware of counsel's inaction well in advance of the one-year PCRA deadline, and that Appellant failed to establish the applicability of § 9545(b)(1)(ii). That is, he failed to put forth "reasonable effort" to obtain the information on which his claim is based. *Cox*, 146 A.3d at 230. The PCRA court did not err in dismissing the petition as untimely.[3]

Order affirmed.

---

[3] The record is silent as to why Appellant's former counsel was not called to testify at the PCRA hearing. The Commonwealth does not address the matter in its brief, nor did the PCRA court mention it in its opinions, other than a general finding that Appellant's testimony was not credible. With Appellant's testimony deemed not credible, and without any testimony from counsel, there is no evidence that Appellant actually requested an appeal.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  3/28/2023