J-S14037-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DUSTIN CAMERON NICHOLS | : | |
| | : | |
| Appellant | : | No. 1287 WDA 2022 |

Appeal from the PCRA Order Entered October 7, 2022
In the Court of Common Pleas of Mercer County Criminal Division at
No(s): CP-43-CR-0000347-2017

BEFORE: PANELLA, P.J., BENDER, P.J.E., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                    **FILED: JUNE 6, 2023**

Dustin Cameron Nichols (Nichols) appeals from the October 7, 2022 order of the Court of Common Pleas of Mercer County (PCRA court) dismissing as untimely his petition filed pursuant to the Post-Conviction Relief Act (PCRA).[1]  We reverse and remand for further proceedings.

We glean the following facts from the certified record.  In October 2018, Nichols was convicted of first-degree murder and cruelty to animals.[2]  He was sentenced to life imprisonment and this Court affirmed his judgment of sentence.  **Commonwealth v. Nichols**, 1815 WDA 2018, at *3 (Pa. Super.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541 et seq.

[2] 18 Pa.C.S. §§ 2502(a) & 5511(a)(1)(i).

Dec. 10, 2019) (judgment order), *allocator denied*, 9 WAL 2020 (Pa. June 1, 2020). His petition for allowance of appeal in the Supreme Court was denied on June 1, 2020.

Nichols filed the instant PCRA petition, his first, on March 7, 2022, and contended that his petition was timely pursuant to the exception to the PCRA's jurisdictional time-bar for interference by government officials. 42 Pa.C.S. § 9545(b)(1)(i). He averred that the Mercer County Public Defender's Office had not informed him that his petition for allowance of appeal had been denied, the Clerk of Courts did not timely docket the denial of his direct appeal, and he was never informed of his post-conviction rights. *See* Motion for Post-Conviction Collateral Relief, 3/7/22, at ¶¶ 13-18.

The PCRA court held an evidentiary hearing limited to the timeliness of the petition. Mary Joe Basilone DePreta, the Clerk of Courts, testified that she received this Court's judgment following Nichols' direct appeal and docketed it in his case but her office did not notify the parties of the decision. She had also received a letter from our Supreme Court with an accompanying order denying Nichols' petition for allowance of appeal. She docketed the items from this Court and the Supreme Court on July 8, 2020, after Nichols' petition for allowance of appeal was denied and the full record was remitted.

Autumn Johnson of the Mercer County Public Defender's Office[3] testified next that she had reviewed her office's file for Nichols' case and found a letter indicating that they had sent Nichols a copy of his appellate brief on August 14, 2019. The file contained another letter dated January 7, 2020, sent to Nichols with a copy of his petition for allowance of appeal. It informed Nichols that his appeal in the Superior Court had been denied and that the office had sought further review in the Supreme Court. Nichols' file did not contain any other correspondence sent to him or received from him, nor did it contain a copy of the order denying Nichols' petition for allowance of appeal. Attorney Johnson did not find any letters to Nichols informing him that his petition for allowance of appeal had been denied and could not confirm whether her office had been notified of the denial.

Finally, Nichols testified that he had been incarcerated in state prison since his sentencing and had never spoken to anyone at the Public Defender's Office during his direct appeal. He recalled receiving the letters with the Superior Court brief and petition for allowance of appeal, but said he did not receive any other correspondence from the office. He did not receive a copy of the order denying his petition for allowance of appeal until after retaining

---

[3] The attorney who had represented Nichols in his direct appeal was no longer employed by the office. Attorney Johnson testified based on her review of her office's file.

PCRA counsel. Appellate counsel did not inform him of his post-conviction rights and he learned about the PCRA process through others in prison.

On cross-examination, Nichols testified that his family hired PCRA counsel on his behalf and they had been checking on the status of his case "[t]o a certain degree." N.T., 8/5/22, at 26. They knew that he had filed an appeal and learned at some point about the petition for allowance of appeal, but he could not say when that occurred. He learned that the petition had been denied a couple of months before hiring PCRA counsel in January 2022. Nichols admitted he had access to the law library in prison and had looked at the appellate docket sheet in his case, where he learned that the petition for allowance of appeal had been denied. After that, he told his family that his appeal had been denied and they began looking for PCRA counsel.

At the conclusion of the hearing, the PCRA court ordered the parties to brief the timeliness issue. Nichols argued that he was deprived of the opportunity to file a timely PCRA petition by appellate counsel's *per se* ineffectiveness in failing to notify him of the denial of his petition for allowance of appeal or advise him of his post-conviction rights. He argued that under ***Commonwealth v. Peterson***, 192 A.3d 1123 (Pa. 2017), appellate counsel's *per se* ineffectiveness in failing to communicate with him could establish the newly-discovered facts exception to the jurisdictional time-bar. **See** Memorandum of Law, 8/25/22, at 3-4 (pagination supplied).

- 4 -

In its response and relevant to this appeal, the Commonwealth argued that Nichols had not acted with due diligence in pursuing his claims. It asserted that the Clerk of Courts had fulfilled its duty to docket all filings received from the Superior and Supreme Courts and did not have any responsibility to further serve those filings on the parties. It noted that Nichols had not sent any letters to his appellate counsel inquiring about the status of his appeal. Further, he was able to track the progress of his appeal in the prison law library and with the help of family, but still did not contact PCRA counsel until approximately 18 months after the petition for allowance of appeal had been denied. Thus, it concluded that Nichols failed to act with the due diligence necessary to establish a timeliness exception.

The PCRA court denied the petition as untimely, finding that Nichols had not proved that any of the three exceptions to the jurisdictional time-bar applied to his case. Opinion and Order, 10/7/22, at 2 (pagination supplied). With regard to the newly-discovered facts exception, the PCRA court found that Nichols had not acted with due diligence because he failed to contact his attorney for two years after his petition for allowance of appeal was filed. It concluded that "he knew, or should have known, the PCRA filing deadline was

July 8, 2021."[4]  *Id.*  Nichols timely appealed and he and the PCRA court complied with Pa. R.A.P. 1925.

On appeal, Nichols argues that the PCRA court erred in dismissing his petition as untimely because his appellate counsel was ineffective *per se*, which is sufficient to establish the newly-discovered facts exception to the time-bar.[5, 6]  "A PCRA petition, including a second and subsequent petition, shall be filed within one year of the date the underlying judgment becomes final."  *Commonwealth v. Graves*, 197 A.3d 1182, 1185 (Pa. Super. 2018) (citation omitted); *see also* 42 Pa.C.S. § 9545(b)(1).  "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the

_____

[4] This time calculation is inaccurate.  Our Supreme Court denied Nichols' petition for allowance of appeal on June 1, 2020, and he had 90 days from that date to file a *certiorari* petition in the United States Supreme Court.  U.S. Sup. Ct. R. 13 (stating that a petition for writ of *certiorari* must be filed within 90 days after entry of judgment).  Accordingly, his judgment of sentence became final on September 1, 2020, as the 90th day fell on Sunday, August 30, 2020.  42 Pa.C.S. § 9545(b)(3); 1 Pa.C.S. § 1908 (excluding weekends from time computations).  He had until September 1, 2021, to file a timely PCRA petition.  42 Pa.C.S. § 9545(b)(1).

[5] "The standard of review of an order dismissing a PCRA petition is whether that determination is supported by the evidence of record and is free of legal error."  *Commonwealth v. Weimer*, 167 A.3d 78, 81 (Pa. Super. 2017).  "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record."  *Id.* (citation omitted).  Whether a PCRA petition is timely filed is a question of law over which our standard of review is *de novo* and our scope of review is plenary.  *Commonwealth v. Taylor*, 65 A.3d 462, 468 (Pa. Super. 2013) (citations omitted).

[6] As Nichols' two arguments on appeal are related, we address them together.

Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). Because the timeliness requirements of the PCRA are jurisdictional, no court may consider the merits of an untimely petition. *Commonwealth v. Small*, 238 A.3d 1267, 1280 (Pa. 2020).

As discussed *supra*, note 4, Nichols was required to file his PCRA petition by September 1, 2021, and the instant petition, filed March 7, 2022, is facially untimely. As a result, he must plead and prove one of the exceptions to the PCRA's timeliness requirements. 42 Pa.C.S. § 9545(b)(1)(i)-(iii) (outlining exceptions to the jurisdictional time-bar based on interference by government officials, newly-discovered facts or newly-recognized constitutional rights). In addition, he must present a claimed exception within one year of the date the claim could have been presented. 42 Pa.C.S. § 9545(b)(2).

Primarily relying on *Peterson*, *supra*, Nichols argues that ineffectiveness *per se* satisfies the newly-discovered facts exception to the time-bar without requiring a petitioner to establish due diligence. In *Peterson*, the petitioner's appeal from the denial of his first PCRA petition was quashed on the basis that his counsel had filed his petition one day past the jurisdictional deadline. He filed a second PCRA petition seeking reinstatement of his appellate rights. He argued that counsel's ineffectiveness in missing the filing deadline completely foreclosed review of his collateral claims and constituted a newly-discovered fact. Our Supreme Court agreed,

holding that ineffectiveness *per se* that forfeits all review of collateral claims could constitute a newly-discovered fact under the exception. **Peterson**, **supra**, at 1130-31. Importantly, however, the Supreme Court credited the PCRA court's factual findings that the petitioner did not know that his first petition was filed untimely and could not have ascertained that fact with due diligence. **Id.** In other words, the petitioner was not excused from proving the due diligence element of the newly-discovered facts exception simply because he was alleging ineffectiveness *per se*. **Id.** at 1127, 1132.

Nevertheless, a petitioner may assert abandonment by counsel that results in wholesale waiver of appellate or post-conviction review as a newly-discovered fact to overcome the jurisdictional time-bar. **See**, **e.g.**, **Commonwealth v. Bennett**, 930 A.2d 1264 (Pa. 2007); **Commonwealth v. Huddleston**, 55 A.3d 1217 (Pa. Super. 2012). In **Huddleston**, the petitioner's judgment of sentence became final in 2003 and he promptly retained PCRA counsel, but counsel did not file a PCRA petition until 2006. **Huddleston**, **supra**, at 1219. While the PCRA court granted relief in the form of a *nunc pro tunc* direct appeal, this Court quashed, finding that the PCRA court lacked jurisdiction to grant relief in the untimely PCRA proceedings. **Id.** PCRA counsel did not inform the petitioner that his appeal had been quashed until nearly a year later.

Shortly after learning from counsel that his appeal had been quashed, the petitioner again sought reinstatement of his direct appeal rights and

argued that PCRA counsel had been ineffective in filing an untimely petition. *Id.* The PCRA court agreed, finding that counsel had abandoned the petitioner by failing to file a timely petition and that the petitioner had sought relief within 60 days of learning of the abandonment.[7] Relying on **Bennett**, this Court affirmed. We noted that the petitioner and his family had timely retained PCRA counsel and followed up with counsel regularly between 2003 and 2008, but nevertheless were not told by counsel that his prior appeal had been quashed until well after the deadline for seeking further review. *Id.* at 1222. Thus, he established that he timely presented his claim of abandonment immediately after learning of counsel's failures. *Id.* In holding that the petitioner had filed his second petition within 60 days of the time the claim could have been presented, even though it was filed years after his judgment of sentence became final and nearly a year after his prior appeal was quashed, we credited "the wisdom of our Supreme Court's observation that 'it is illogical to believe that a counsel that abandons his or her client . . . will inform his client that his case has been dismissed because of his own failures.'" *Id.* n. 4 (quoting **Bennett**, *supra*, at 1275).

_____

[7] The previous version of the PCRA required that time-bar exceptions be raised within 60 days of when they first could be presented. The version of the statute that applies to this matter allows a petitioner one year to present a claim to overcome the time-bar. *See* Act 2018, Oct. 24, P.L. 894, No. 146, § 2, effective Dec. 24, 2018; 42 Pa.C.S. § 9545(b)(2).

Our Rules of Professional Conduct require counsel to "keep the client reasonably informed about the status of [their] matter." Pa. R.P.C. 1.4(a)(3). Additionally, service of court orders and other legal filings is to be upon a represented party's attorney, who then exercises his or her duty to inform their client about the proceedings. *See* Pa. R.A.P. 121(b) ("Service on a party represented by counsel shall be made on counsel."); Pa. R. Crim. P. 114(B)(1) ("A copy of any order or court notice promptly shall be served on each party's attorney, or the party if unrepresented."). Moreover, while appellate counsel's representation terminates on the conclusion of the direct appeal, *see* Pa. R. Crim. P. 122(B)(2), at the termination of representation, an attorney maintains a duty to "take steps to the extent reasonably practicable to protect a client's interests." Pa. R.P.C. 1.16(d).

Here, the uncontroverted evidence at the evidentiary hearing established that appellate counsel abandoned Nichols after filing his petition for allowance of appeal and failed to notify him when the petition was denied. Attorney Johnson testified that there were no letters in Nichols' file explaining to him that his direct appeal had concluded and, in fact, the order denying the petition for allowance of appeal was not in the file. Having received no notice regarding the status of the petition from his counsel, Nichols, who was incarcerated throughout the proceedings, looked into the status of his direct appeal himself through the online docket sheets at the end of 2021, shortly

after the deadline for filing a timely PCRA petition had expired.[8] Thus, while appellate counsel did perfect Nichols' direct appeal, his failure to communicate with Nichols following the conclusion of the direct appeal resulted in the complete waiver of Nichols' PCRA rights. **See Peterson**, **supra**; **Huddleston**, **supra**.

However, even if Nichols' appellate counsel was ineffective *per se* for failing to inform him that his petition for allowance of appeal had been denied and that there were time limits on seeking collateral review, he was still required to establish that he exercised due diligence in discovering this ineffectiveness. **Commonwealth v. Cox**, 146 A.3d 221, 227 (Pa. 2016) (explaining that a petitioner invoking the newly-discovered facts exception must prove that "(1) the facts upon which the claim was predicated were unknown and (2) they could not have been ascertained by the exercise of due diligence."). "Due diligence requires neither perfect vigilance nor punctilious care, but rather it requires reasonable efforts by a petitioner, based on the particular circumstances, to uncover facts that may support a claim for collateral relief." **Commonwealth v. Burton**, 121 A.3d 1063, 1071 (Pa. Super. 2015) (*en banc*).

---

[8] Because Nichols discovered that his petition for allowance of appeal was denied, at the earliest, in November or December 2021, he filed the instant petition within one year of the time the claim of abandonment could have been presented. 42 Pa.C.S. § 9545(b)(2).

Upon review, we disagree with the PCRA court's conclusion that Nichols did not exercise due diligence. The evidence adduced at the hearing established that the last communication appellate counsel sent to Nichols was in January 2020, and he learned shortly before contacting PCRA counsel in January 2022 that his petition for allowance of appealed had been denied in June 2020. The record establishes that appellate counsel had regularly communicated with Nichols throughout his direct appeal in this Court and when he filed the petition for allowance of appeal in the Supreme Court. Given that it was counsel's duty to keep Nichols apprised of the progress of his case, and that counsel had abided by that duty in the earlier stages of appellate litigation, we cannot conclude that it was unreasonable for Nichols to await further communication from counsel regarding his petition for allowance of appeal.

We emphasize that this is not a matter in which a petitioner waited years past the PCRA filing deadline to pursue his rights. **See**, **e.g.**, **Commonwealth v. Keener**, 1165 WDA 2021 (Pa. Super. June 30, 2022) (unpublished memorandum). Here, Nichols was obliged to file his first PCRA petition by September 1, 2021, and learned of his abandonment by appellate counsel upon viewing his appellate docket sheet in the state prison law library in November or December 2021. He promptly retained PCRA counsel to file the instant petition within one year of learning of his abandonment. 42 Pa.C.S. § 9545(b)(2). Petitions for allowance of appeal are routinely pending for many

months and often over a year. Nichols' discovery of his petition's denial in late 2021 was not so out of time to lead to the conclusion that he was not duly diligent in learning about the status of his appeal. To the contrary, as a layperson, it was reasonable for him to presume that appellate counsel would notify him of any updates that occurred in his case in the meantime, as counsel had done at earlier stages in the direct appeal.

In **Huddleston**, the petitioner effectively sat on his PCRA rights for years before learning of counsel's abandonment and seeking replacement counsel to pursue his claims. Nevertheless, we concluded that he had exercised due diligence in attempting to communicate with counsel in the intervening years prior to filing his untimely petition, even though a review of the public docket sheet would have revealed the date his judgment of sentence became final and the quashal of his first PCRA appeal. Likewise, here, Nichols promptly sought new counsel after learning that his direct appeal had been denied and that he had been abandoned by appellate counsel. Thus, he exercised due diligence under the circumstances to pursue his claims and the PCRA court erred in holding that his petition was untimely.

Order reversed. Case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/6/2023