J-S41028-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ADAM LOUIS GREENBLOTT | : | |
| | : | |
| Appellant | : | No. 1634 EDA 2024 |

Appeal from the PCRA Order Entered May 8, 2024
In the Court of Common Pleas of Monroe County Criminal Division at
No(s): CP-45-CR-0002880-2013

BEFORE: MURRAY, J., KING, J., and SULLIVAN, J.

MEMORANDUM BY KING, J.: **FILED FEBRUARY 25, 2025**

Appellant, Adam Louis Greenblott, appeals *pro se* from the order entered in the Monroe County Court of Common Pleas, which dismissed his second petition filed under the Post Conviction Relief Act ("PCRA").[1] We affirm.

The relevant facts and procedural history of this case are as follows. A jury convicted Appellant of aggravated assault, endangering the welfare of a child, simple assault, and recklessly endangering another person. On October 1, 2015, the court sentenced Appellant to an aggregate term of 78 to 156 months' imprisonment. This Court affirmed the judgment of sentence on May 17, 2017, and our Supreme Court denied Appellant's petition for allowance of appeal on January 3, 2018. *See Commonwealth v. Greenblott*, 170 A.3d

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

1226 (Pa.Super. 2017), *appeal denied*, 644 Pa. 528, 177 A.3d 826 (2018).

Appellant timely filed a *pro se* PCRA petition on September 10, 2018, and the court appointed counsel ("first PCRA counsel"). On January 17, 2019, the court conducted an evidentiary hearing. Following the hearing, the court denied PCRA relief on June 7, 2019. Appellant did not seek further review.

On August 21, 2023, Appellant filed the current *pro se* petition, styled as a request to reinstate direct appeal rights *nunc pro tunc*. In it, Appellant claimed that first PCRA counsel had abandoned him without pursuing an appeal from the denial of PCRA relief. Appellant also argued that he acted with due diligence to discover first PCRA counsel's abandonment. Thus, Appellant concluded that the court should reinstate his right to pursue an appeal *nunc pro tunc* from the order denying his first PCRA petition.

The court treated the filing as a second PCRA petition and appointed new counsel ("second PCRA counsel"). Second PCRA counsel filed a motion to withdraw and "no-merit" letter on November 20, 2023. On November 21, 2023, the court permitted second PCRA counsel to withdraw. That same day, the court issued Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing. Ultimately, the court dismissed the current PCRA petition as untimely filed on May 8, 2024.

On June 7, 2024, Appellant timely filed a *pro se* notice of appeal. That same day, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant timely filed a *pro se*

Rule 1925(b) statement on June 27, 2024.

As a preliminary matter, the timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Hackett*, 598 Pa. 350, 956 A.2d 978 (2008), *cert. denied*, 556 U.S. 1285, 129 S.Ct. 2772, 174 L.Ed.2d 277 (2009). Pennsylvania law makes clear that no court has jurisdiction to hear an untimely PCRA petition. *Commonwealth v. Robinson*, 575 Pa. 500, 837 A.2d 1157 (2003). The PCRA requires a petition, including a second or subsequent petition, to be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

Generally, to obtain merits review of a PCRA petition filed more than one year after the judgment of sentence became final, the petitioner must allege and prove at least one of the three timeliness exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or

the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Additionally, a PCRA petitioner must file a petition invoking a timeliness exception within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

Instantly, Appellant's judgment of sentence became final on or about April 3, 2018, ninety days after our Supreme Court denied Appellant's petition for allowance of appeal. *See* U.S.Sup.Ct.R. 13 (stating appellant must file petition for writ of *certiorari* with United States Supreme Court within ninety days after entry of judgment by state court of last resort). Appellant timely filed his first PCRA petition on September 10, 2018, which the court dismissed on June 7, 2019. Appellant filed the instant PCRA petition on August 21, 2023, which was untimely on its face.

On appeal, Appellant contends that all PCRA counsel "must comply with some minimum norms," including "not abandoning a client and thus completely depriving the petitioner of the opportunity to seek the review to which he or she was entitled." (Appellant's Brief at 25) (quoting ***Commonwealth v. Peterson***, 648 Pa. 313, 192 A.3d 1123 (2018)). Appellant alleges that first PCRA counsel abandoned him after counsel's appointment. Further, Appellant argues that he exercised due diligence in discovering first PCRA counsel's abandonment by sending letters to the clerk of courts to inquire about the status of his case. Appellant concludes that he

has satisfied the "newly-discovered facts" exception to the PCRA's timeliness requirements, and the PCRA court should have granted relief on this basis. We disagree.

To meet the newly-discovered facts timeliness exception set forth in Section 9545(b)(1)(ii), a petitioner must "demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence." *Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa.Super. 2015), *appeal denied*, 633 Pa. 761, 125 A.3d 1197 (2015). "Due diligence demands the petitioner to take reasonable steps to protect his own interests." *Commonwealth v. Shaw*, 217 A.3d 265, 270 (Pa.Super. 2019). "Additionally, the focus of this exception 'is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.'" *Brown, supra* at 176 (quoting *Commonwealth v. Marshall*, 596 Pa. 587, 596, 947 A.2d 714, 720 (2008)).

A common allegation of ineffective assistance of counsel, even if cast in the language of a statutory exception, does not generally establish jurisdiction over an otherwise untimely PCRA petition. *Commonwealth v. Gamboa-Taylor*, 562 Pa. 70, 80, 753 A.2d 780, 785 (2000). In rare instances, however, the law will allow a petitioner to proceed with an untimely PCRA petition where a petitioner timely asserts the newly-discovered facts exception, claiming abandonment of counsel on a prior appeal. *See Commonwealth v. Bennett*, 593 Pa. 382, 395, 930 A.2d 1264, 1274 (2007).

Specifically, counsel's ineffectiveness may constitute a newly-discovered fact "where PCRA counsel's ineffectiveness *per se* completely forecloses review of collateral claims." **Peterson, supra** at 325, 192 A.3d at 1130. **See also Bennett, supra** at 397-99, 930 A.2d at 1273-74 (holding that where appellant "made sufficient allegations that counsel abandoned him for purposes of his first PCRA appeal by failing to file an appellate brief and that [the appellant's] relief under subsection (b)(1)(ii) is not controlled by the **Gamboa-Taylor** line of case law"; distinguishing **Gamboa-Taylor** line of cases where PCRA counsel merely "narrowed the ambit of appellate review," with cases where counsel has failed to file appeal and completely foreclosed appellate review; clarifying that "subsection (b)(1)(ii) is a limited extension of the one-year time requirement under circumstances when a petitioner has not had the review to which he was entitled due to a circumstance that was beyond his control"). In such a scenario, however, a petitioner must still "prove that the facts were 'unknown' to him and that he could not uncover them with the exercise of 'due diligence.'" **Bennett, supra** at 400, 930 A.2d at 1274.

Instantly, the PCRA court considered Appellant's arguments and concluded that he did not act in a timely manner:

> [O]n February 5, 2020, the Clerk of Courts sent [Appellant] a copy of the Opinion and Order by which we denied the first [PCRA petition]. [Appellant's] assertion … that he did not receive the opinion and order at that time was not credible and was contradicted by [Appellant's] evidence. Therefore, in order to invoke the cited exception, [Appellant] would

have had to file the instant [petition] by early February 2021. He did not meet this deadline. Instead, he filed the second [PCRA petition] three-and-a-half years later.

Additionally, under the facts and circumstances of this case, the passage of four years, two months from the date the first PCRA [petition] was denied until this second [petition] was filed demonstrates that [Appellant] did not act with the requisite diligence.

(PCRA Court Order and Opinion, filed 5/8/24, at 5-6). Our review of the record confirms the PCRA court's conclusion.

Regarding Appellant's arguments about first PCRA counsel's abandonment, Appellant suspected a breakdown in communications with counsel as early as December 2019. At that time, Appellant sent a letter to the clerk of courts asking for information about any order disposing of his first PCRA petition. (*See* Letter, dated 12/5/19). The certified record also contains the clerk of courts' response to Appellant, dated February 5, 2020, which included a copy of the 2019 opinion and order dismissing Appellant's first PCRA petition. (*See* Letter, dated 2/5/20). Despite this action occurring in 2020, Appellant waited until August 21, 2023 to file the current PCRA petition. We agree with the PCRA court that this delay was fatal to Appellant's claims.[2] *See* 42 Pa.C.S.A. § 9545(b)(2). Accordingly, we affirm the order dismissing

_____

[2] In his appellate brief, Appellant also argues that second PCRA counsel was ineffective for failing to raise certain issues on Appellant's behalf. (*See* Appellant's Brief at 28-29). Nevertheless, we have reviewed second PCRA counsel's no-merit letter, which correctly analyzed the timeliness issues pertaining to Appellant's current PCRA petition. (*See* No-Merit Letter, filed 11/20/23, at 2-3).

- 7 -

Appellant's current PCRA petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/25/2025