**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MANLEY CHARLES CHAPMAN | : | |
| | : | |
| Appellant | : | No. 901 MDA 2025 |

Appeal from the PCRA Order Entered June 30, 2025
In the Court of Common Pleas of Bradford County Criminal Division at
No(s): CP-08-CR-0000253-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MANLEY CHARLES CHAPMAN | : | |
| | : | |
| Appellant | : | No. 902 MDA 2025 |

Appeal from the PCRA Order Entered June 30, 2025
In the Court of Common Pleas of Bradford County Criminal Division at
No(s): CP-08-CR-0000564-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MANLEY CHARLES CHAPMAN | : | |
| | : | |
| Appellant | : | No. 903 MDA 2025 |

Appeal from the PCRA Order Entered June 30, 2025
In the Court of Common Pleas of Bradford County Criminal Division at
No(s): CP-08-CR-0000671-2019

BEFORE:  DUBOW, J., BECK, J., and BENDER, P.J.E.

MEMORANDUM BY DUBOW, J.:                          **FILED: JUNE 3, 2026**

Manley Charles Chapman ("Appellant") appeals from the June 30, 2025 order entered in the Bradford County Court of Common Pleas dismissing his petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-46.  He contends that the PCRA court erred in finding that his trial counsel acted reasonably in not objecting to the admission of certain testimony.  After careful review, we have determined that Appellant failed to meet any timeliness exception to the PCRA's one-year time bar and the PCRA court, thus, lacked jurisdiction to address the merits of his claims asserting ineffective assistance of trial counsel.  Accordingly, we affirm the denial of PCRA relief, albeit on different grounds.[1]

By way of background, the Commonwealth charged Appellant in 2019 under three dockets with drug offenses, including possession with intent to distribute, possession of a controlled substance by an inmate, and criminal use of a communication facility.  Appellant was represented by Patrick Beirne, Esq., and Richard Jennings, Esq.  The court consolidated the cases for trial.  A jury convicted Appellant of the above offenses, and the court sentenced him on January 13, 2020, to an aggregate term of 126 to 276 months' incarceration.  This Court affirmed his judgment of sentence on April 9, 2021.  ***Commonwealth v. Chapman***, 253 A.3d 268 (Pa. Super. 2021) (unpublished

---

[1] ***See Commonwealth v. Truong***, 36 A.3d 592, 593 n.2 (Pa. Super. 2012) (*en banc*) (an appellate "court may affirm for any reason, including such reasons not considered by the lower court").

decision). Appellant did not seek further review. His judgment of sentence, thus, became final on May 9, 2021.

On September 28, 2021, the Bradford County Court of Common Pleas entered an order appointing Mr. Jason Beardsley, Esq., "for the filing of a petition for Post Conviction Collateral relief."[2] The court directed counsel to file a PCRA petition by November 30, 2021. Order, 9/28/21. On January 24, 2022, Mr. Beardsley filed a motion for an extension of time to file Appellant's PCRA petition. Notwithstanding the fact that no PCRA petition had yet been filed, the court responded with an order directing that Appellant file "an amended PCRA petition" by March 25, 2022. Attorney Beardsley subsequently obtained several extensions of time to file "an amended petition." The jurisdictional deadline for filing a timely PCRA petition passed on May 9, 2022.[3]

On July 20, 2023, the court entered an order withdrawing Attorney Beardsley's appointment and appointed Leonard Jordan, Esq., "for purposes of a post-conviction relief petition." On December 26, 2023, over two years after Appellant's judgment of sentence became final, Attorney Jordan filed Appellant's first PCRA petition raising claims of trial counsel ineffectiveness for

_____

[2] The certified record is devoid of any document that prompted the court's appointment of counsel.

[3] Because the deadline for filing a PCRA petition passed without the filing of a PCRA petition, the orders entered on June 1, 2022, August 8, 2022, and December 21, 2022, extending the deadline for filing an "amended petition," are legal nullities. **Commonwealth v. Fahy**, 737 A.2d 214, 222 (Pa. 1999) (noting that "a court has no authority to extend filing periods except as the statute permits").

failing to object to certain testimony as hearsay. Appellant did not invoke an exception to the PCRA's time bar.

On February 7, 2024, the court ordered the Commonwealth to file a response to the PCRA petition. On February 15, 2024, the court entered an order scheduling a hearing on the PCRA petition for April 8, 2024. The court granted several continuances before rescheduling the hearing for July 30, 2024.

On June 28, 2024, Attorney Jordan filed an amended PCRA petition raising the same ineffective assistance claims against trial counsel and added that Mr. Beardsley had been *per se* ineffective for failing to file a timely PCRA petition and that such ineffectiveness could be considered a newly-discovered fact which overcomes the PCRA's one-year time bar. Amended PCRA Petition, 6/28/24, at 28 (citing **Commonwealth v. Peterson**, 192 A.3d 1123 (Pa. 2018)). On July 30, 2024, the court continued the merits hearing to October 8, 2024.

On October 1, 2024, Attorney Jordan filed a second amended PCRA petition in which he reiterated his claims regarding trial counsel and again asserted that first PCRA counsel's abandonment of Appellant satisfied the newly-discovered fact exception to the PCRA's time bar. Neither of Appellant's amended PCRA petitions included any information regarding when Appellant learned of Mr. Beardsley failure to file a PCRA petition.

On October 8, 2024, the court held a hearing limited to determining whether it had jurisdiction to review the merits of the PCRA petition. The certified record does not contain a copy of a transcript from that hearing.[4]

On January 21, 2025, the court entered a memorandum opinion and order concluding that it had the authority to grant "leeway" to a PCRA petitioner. The court acknowledged its mistake in not realizing that a PCRA petition had not been filed and opined that "the orders granting the motions to continue and extending the time to file an 'amended pcra' [sic] amounted to governmental interference." TCO, filed 1/21/25, at 3 (citing **Commonwealth v. Bennett**, 930 A.2d 1264 (Pa. 2007)). The PCRA court, thus, concluded that it had jurisdiction to consider the merits of the claims raised by Appellant and continued the matter.

On April 1, 2025, the PCRA court held a merits hearing, at which Appellant's two trial attorneys testified. On June 30, 2025, the court entered an order and memorandum denying relief based on its conclusion that trial

_____

[4] Upon informal inquiry, the Bradford County clerk's office first informed this Court's prothonotary that no hearing took place on October 8, 2023, because the matter was continued to April. When subsequently alerted that the record contained an opinion and order in which the PCRA court acknowledged that it held a hearing on October 8, 2023, the clerk's office responded that there was no transcript from that hearing. Consequently, it is unclear whether that hearing was recorded or transcribed. In any event, this Court is without a record from which to conclude the court's determination that it had jurisdiction was supported by record evidence and that the court rendered factual findings based on the testimony that may or may not have been presented at that hearing. Nonetheless, this Court is able to determine as a matter of law whether Appellant's petition meets the PCRA's jurisdictional requirements.

counsel had a reasonable strategy for not objecting to the challenged testimony.

Appellant filed a timely appeal, and both he and the PCRA court submitted statements in accordance with Pa.R.A.P. 1925.

Appellant raises the following issues for our review:

1. Whether the PCRA court abused its discretion in denying [Appellant's] petitions under the Post-Conviction Relief Act alleging ineffective assistance of counsel, in finding trial counsel acted pursuant to a reasonable strategy in failing to object to testimony/evidence that violated [Appellant's] right to confront witnesses, under the Pennsylvania and United States Constitutions[?]

2. Whether the PCRA court abused its discretion in denying [Appellant's] petitions under the Post-Conviction Relief Act alleging ineffective assistance of counsel, in finding trial counsel acted pursuant to a reasonable strategy in failing to object to testimony/evidence that violated the rule against hearsay[?]

Appellant's Br. at 3 (some capitalization omitted).

We review the denial of a PCRA petition to determine whether the record supports the PCRA court's determination and whether its order is otherwise free of legal error. *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014). However, before we review the issues raised on appeal, we must determine whether Appellant's petition satisfies the jurisdictional requirements imposed by our legislature.

It is well-established that the timeliness of a PCRA petition is jurisdictional; if a PCRA petition is untimely, courts lack jurisdiction over the claims and cannot address substantive claims. *Commonwealth v. Wharton*,

886 A.2d 1120, 1124 (Pa. 2005). To be timely, a PCRA petition, including a second or subsequent petition, must be filed within one year of the date that a petitioner's judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of [the] time for seeking the review." *Id.* at § 9545(b)(3). The PCRA's jurisdictional time bar "is constitutionally valid." *Commonwealth v. Cruz*, 852 A.2d 287, 292 (Pa. 2004).

Further, "[j]urisdictional time limits go to a court's right or competency to adjudicate a controversy. These limitations are mandatory and interpreted literally; thus, a court has no authority to extend filing periods except as the statute permits." *Commonwealth v. Fahy*, 737 A.2d 214, 222 (Pa. 1999). Accordingly, "a jurisdictional time limitation is not subject to equitable principles such as tolling except as provided by statute." *Id*.

Here, Appellant's petition, filed over two years after his judgment of sentence became final, is facially untimely. Pennsylvania courts may review the merits of an untimely PCRA petition, however, if the petitioner pleads and proves one of the three exceptions to the time bar set forth in Section 9545(b)(1). Any petition invoking a timeliness exception must be "filed within one year of the date the claim could have been presented." 42 Pa.C.S § 9545(b)(2).

Although not raised in his PCRA petition filed on December 26, 2023, in his amended PCRA petition Appellant relied on first PCRA counsel's abandonment to invoke the newly-discovered fact exception. First Amended PCRA Petition, 6/13/24, at 28, ¶¶ 141-142. This exception allows a petitioner to file an untimely PCRA petition if "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]" 42 Pa.C.S. § 9545(b)(1)(ii). Our Supreme Court has clarified that

> consistent with the statutory language, in determining whether a petitioner qualifies for the exception to the PCRA's time requirements pursuant to subsection 9545(b)(1)(ii), the PCRA court must first determine whether 'the facts upon which the claim is predicated were unknown to the petitioner.' . . . After the PCRA court makes a determination as to the petitioner's knowledge, it should then proceed to consider whether, if the facts were unknown to the petitioner, the facts could have been ascertained by the exercise of due diligence[.]"

*Commonwealth v. Burton*, 158 A.3d 618, 638 (Pa. 2017). *See also Bennett*, 930 A.2d at 1272 (recognizing that "subsection (b)(1)(ii) has two components, which must be alleged and proved. Namely, the petitioner must establish that: (1) "the *facts* upon which the claim was predicated were *unknown;*" and (2) "could not have been ascertained by the exercise of *due diligence.*" (citation omitted; emphasis in original)).

Appellant relied on *Peterson*, *supra*, pertaining to *per se* ineffectiveness, to invoke the newly discovered fact exception. The *Peterson* Court reiterated that "fundamental fairness requires that the performance of

- 8 -

PCRA counsel 'must comply with some minimum norms,' and that this requirement 'would include not abandoning a client' and thus completely depriving the petitioner of 'the opportunity to seek the review to which he or she was entitled.'" *Peterson*, 192 A.3d at 1130 (quoting *Bennett*, 930 A.2d at 1273-74).[5] The Court, thus, held that counsel's untimely filing of Peterson's first PCRA petition "constituted ineffectiveness *per se*" and "as the PCRA court has made the necessary factual findings, Peterson has pled and proven an entitlement to invoke the subsection 9545(b)(1)(ii) exception[.]" 102 A.3d at 1132. Most relevant here, "the necessary factual findings" were that Peterson did not know about the untimely filing of his PCRA petition and could not have ascertained this fact through the exercise of due diligence. *Id.* at 1130-31.

We agree with Appellant that Mr. Beardsley provided *per se* ineffective assistance of PCRA counsel by failing to file a PCRA petition. Pursuant to *Peterson* and *Bennett*, Appellant properly asserted the predicate fact upon which to invoke the newly-discovered-fact exception to overcome the PCRA's time bar. Our review, however, reveals that, unlike the petitioner in *Peterson*, neither the original PCRA petition nor the amended petitions pleaded when Appellant learned of counsel's abandonment or even referenced

---

[5] In *Bennett*, our Supreme Court held "that [the a]ppellant has made sufficient allegations that PCRA counsel abandoned him for purposes of his first PCRA appeal by failing to file an appellate brief and that Appellant's relief under subsection (b)(1)(ii) is not controlled by the *Gamboa–Taylor*[, 753 A.2d 780 (Pa. 2000)] line of case law." *Bennett*, 930 A.2d at 1274. In other words, the court concluded *per se* ineffective assistance of counsel could meet the newly discovered fact timeliness exception if properly pled.

any diligence he exercised after he learned that Mr. Beardsley failed to file a PCRA petition. Although the PCRA court found that Appellant met the jurisdictional time bar because Appellant's second appointed counsel filed a PCRA petition within six months of his appointment raising allegations of trial counsel's ineffective assistance, the court did not engage in the complete analysis. The PCRA court failed to consider, and PCRA counsel failed to plead, when Appellant learned of his counsel's abandonment and his due diligence in making this determination. As a result, Appellant did not satisfy the newly-discovered fact exception and, therefore, did not overcome the jurisdictional threshold.

Our disposition is supported by this Court's recent decision in **Commonwealth v. Giles**, ___ A.3d ___, 2026 WL 1141807 (Pa. Super. filed Apr. 28, 2026), in which the panel affirmed the dismissal of a second PCRA petition where the appellant had raised a **Bradley** claim alleging that first PCRA counsel was ineffective for failing to raise appellate counsel's ineffectiveness. In doing so, the panel rejected the trial court's grant of the *nunc pro tunc* relief that allowed the filing of the first-filed PCRA petition because in seeking *nunc pro tunc* relief, the appellant "neither alleged nor demonstrated that appellate counsel's ineffectiveness was unknown to him or could not have been discovered through due diligence." **Id.** at *5 n.4, distinguishing **Bennett**, **supra**.

Likewise, because Appellant here "neither alleged nor demonstrated that appellate counsel's ineffectiveness was unknown to him or could not have been discovered through due diligence," the PCRA court in the instant case did not have jurisdiction to address the merits of Appellant's ineffective assistance of counsel claims.[6] *Id.* This Court likewise lacks jurisdiction.

Order affirmed.

Judgment Entered.

_____

Benjamin D. Kohler, Esq.
Prothonotary

Date: 06/03/2026

_____

[6] Further, we disagree with the PCRA court's conclusion that its orders granting Mr. Beardsley extensions to file "an amended petition" satisfy the government interference exception. That exception provides that a PCRA court may review an untimely petition where "the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim[.]" 42 Pa.C.S. § 9545(b)(1)(i). As with all timeliness exceptions, a petitioner invokes the government interference exception by pleading it in his PCRA petition and proving it. Here, Appellant did not plead the government inference exception in either his PCRA petition or his amended PCRA petitions.